Derbigny, J. delivered
delivered the opinion of the court. The first question which presents itself itself *268 here is, whether any trespass has been committed-if decided in the affirmative, the second will be, whether, from the conduct of the defendant, he ought to be considered as one of the trespassers, and, as such, liable to indemnify the plaintiffs.
To come to a clear understanding of the first question, the previous inquiry must be, who was in possession of the plantation, when the sheriff came there, with the posse comitatus? The plaintiff, to be sure, was in the actual occupation of the house; but we are not to conclude from that circumstance, that she was the possessor. The plantation had been previously seized. What is the effect of a legal seizure? Surely it is to place the property under the custody of the law, until it is disposed of according to law. Formerly, under the government of Spain, the property seized, whether real or personal, was deposited in the hands of some person of solvent fortune: "Los bienes executados, ora sean muebles o raices, se han de se-questrar, inventoriar y depositar en persona a-bonada, sin llevarlos nin tenerlos en su poder el alguacil." Curia Philipica, tit. Execucion no. 19. This has been altered into a deposit into the hands of the sheriff himself: "after such seizure, the sheriff shall keep the property *269 so seized at his risk &c. (see 172 and 242, of the first volume of the acts of our legislature.) The moment then, that a seizure is regularly made, (and we are bound to presume that this is, nothing being shewn to the contrary) the thing ceases to be possessed, by the person in we use possession it was found, and is placed under the custody of the sheriff. A practice, introduced for the mutual convenience of the party and of the sheriff, is to leave the possessor on the property seized; but that does not change the situation of the thing; the occupier is there, by permission of the sheriff, and is supposed to keep the property for him.
In this case, however, it is said, that the property seized continued to be legally possessed by the plaintiff, because her husband, the debtor against whom the execution went, being not the owner of the premises, the seizure was illegal. We do not think that this circumstance made any difference, as to the actual possession of the thing by the sheriff. The plaintiff might indeed have caused that possession to cease, on making known that the property was hers; but, so long as she thought fit, to acquiesce by her silence in the possession of the sheriff, that possession continued. It had not yet ceased, when the sheriff transferred it to the appellant; *270 that transfer therefore cannot be viewed as a trespass. If a trespass was committed, it took place when the sheriff seized the property, and the sheriff alone can be answerable for it.
Should we admit, that the possession of the plantation was retained by the plaintiff, notwithstanding the seizure, and that the forcible entry of the sheriff on it was a trespass, the claim of the plaintiff would still be unsupported by the evidence. The appellant did not aid the sheriff in taking possession by force; he simply received from him, the transfer of that possession, after it had been taken. He was a bona fide purchaser, and became a bona fide possessor. Far from being answerable in dam- ages towards the plaintiff, he had a right to enjoy whatever the plantation produced, with or without culture, and was not even liable for the loss of the property. Code Civ. 480 art. 30.
From this view of the subject, it becomes un- necessary to examine the other questions, which were raised in this case.
It is, therefore, ordered, adjudged and de- creed, that the judgment of the district court be annulled, avoided and reversed; and that judg- ment be entered for the defendant with costs. costs.