East'n. District.
*March,* 1826.

THORN & CO.
*vs.*
MORGAN & AL.

*THORN & CO.* vs. *MORGAN & AL.*

APPEAL from the district court, of the first district.

A convey-
ance made by a
citizen of this
state, in New-
York, though
valid by the
laws of that
state, is void
here, if made in
*tiempo inhabil.*

MATHEWS, J., delivered the opinion of the court. In this case the plaintiffs sue to recover a house and lot described in their petition as owners, under a title derived from John W. Oddie, an insolvent. The sheriff of the parish of Orleans, Clark the syndic of the creditors of the insolvent, and Brand the builder of the house, are made defendants. The judgment of the court below is favorable to the claim of the plaintiffs, but subjects the property to the privilege of the builder.—Both parties seem to be dissatisfied with the judgment below, and have appealed.

From the view which we have taken of the cause, it is unnecessary now to examine the claims or pretentions of any of the defendants, except that of Clark in his capacity of syndic, representing the mass of creditors of the insolvent. The act under which the plaintiffs claim title is attacked on the ground of legal

fraud as having been executed by the insol-
vent at a time when he was in failing circum-
stances. It was made in the state of New-
York, and however valid it may be under the
laws of that state, there are circumstances
shown in the present case, which subject it to
the control of our state laws. The insolvent
was a resident of New-Orleans; went to New
York, executed the title for the property in
dispute in due form to the plaintiffs, and in
one month afterwards, attempted to avail him-
self of the benefit of the insolvent laws of that
state; returned to New-Orleans and made a
*cessio bonorum* in pursuance of our laws in
such cases provided. All these things were
done in the course of six months. It was
admitted by the counsel for the plaintiffs,
that a debtor could not legally and honestly
go from this state into another, and there dis-
pose of his property to the prejudice of the
mass of his credtiors, under the sanction of
foreign laws. Such an act is in *fraudem leges
nostrum*, and ought not to be tolerated. Sub-
jecting the decision of the present case
entirely to the laws of the state of Louisiana,
it offers little difficulty. We are clearly of
opinion, that the transfer was made by Oddie

East'n. District.
*March*, 1826.

THORN & CO.
*vs.*
MORGAN & AL.

to the plaintiffs in *tiempo inhabil,* at a time when he was unable to pay all his debts, and when his property ought to have been considered a common pledge to all his creditors, according to the rank and privilege of their claims. This case differs but little from the case of *Kenner & al.* vs. *Brown,* 3 *Martin,* 270; and the case of *Ritchie & al. syndics,* vs. *Sands & al. syndics,* 10; *ibid.* 704. In the first, a mortgage given by a person who was in failing circumstances to a creditor, intended to favor him to the prejudice of the mass of the creditors, was declared null; in the other a sale was set aside, on account of having been made in fraud of creditors. The attempt made by Oddie to avail himself of the insolvent laws of New-York, not more than one month after he had conveyed the property now in dispute to the plaintiffs, is such evidence of his inability to pay all his debts, as to show clearly, that he was insolvent at the time he executed the deed of conveyance.—Then all his property was a common pledge of his creditors, and no part of it could be legally transferred to any one of them to the prejudice of the rest. The deed is voidable according to the acts of 1818, and 1817, as it

is by every principle of our laws relating to insolvency.

THORN & CO.
*vs.*
MORGAN & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that sale of the property mentioned in the petition by John W. Oddie to the plaintiffs, be annulled and made void; and it is further ordered, adjudged and decreed, that the cause be remanded to the district court, with directions to *cumulate* the same with the proceedings in *concurso* of John W. Oddie, vs. his creditors, reserving to the parties in the suit, other than the plaintiffs, the right to assert their claims on the property according to law. The plaintiffs paying costs in both courts.

*Morse* for the plaintiffs, *Ripley, and Watts & Lobdell,* for the defendants.