EASTERN DIS,
*April,* 1834,

ROBBINS,
SYNDIC, ETC.
*vs.*
LEVERICH
ET AL.

---

## ROBBINS, SYNDIC, &c., *vs.* LEVERICH ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the insolvent and another person were both retail grocers, and the articles were received in small quantities from the insolvent, and such as grocers are in the habit of interchanging for the accommodation of their customers; *held* that such transactions in the usual course of business, are not liable to be annulled as fraudulent under the insolvent law.

A party to the suit, made a witness by an application to his conscience, cannot complain of being judged by such answers as he chooses to give.

Where the question propounded to the defendant, was in substance, whether he received directly or indirectly, the transfer or assignment of a particular debt; the answer which negatives only the transaction directly between the insolvent and the defendant personally, is insufficient.

A transfer is fraudulent, made by an insolvent one week before his surrender of debts due him, so as to secure or novate a debt of the insolvent to the transferee.

This action was brought by the syndic of the creditors of James Greenleaf, to recover of the defendants the sum of

one thousand three hundred and forty-seven dollars and fifty-nine cents.

EASTERN DIS.
*April*, 1834.

ROBBINS,
SYNDIC, ETC.
*vs.*
LEVERICH
ET AL.

The petition showed that on the tenth day of June, 1829, James Greenleaf applied for the benefit of the insolvent laws of this state, being then in insolvent circumstances, and that he had been in such circumstances and had actually failed many months previously. That W. & J. Leverich, knowing that Greenleaf was insolvent and claiming to be his creditors, obtained possession from said Greenleaf, of certain goods and merchandise, as tea, raisins, prime pork, claret wine, and other goods specified in the account, making a part of the petition.

That said W. & J. H. Leverich also under the same circumstances, caused and procured said Greenleaf to transfer and assign and deliver to them accounts and notes due him by other persons, and the proceeds of goods shipped by Greenleaf. That said goods, accounts and notes were so transferred and delivered between April 14th, 1830, and June 4th, 1830 inclusive, during all which time said Greenleaf had actually failed, and had not property sufficient to pay his debts, which circumstances were then well known to them. That said property, thus received by defendants, amounted to the sum of one thousand three hundred and forty-seven dollars and fifty-nine cents. That the same was the common stock of the creditors of said Greenleaf, and that the transfer of the same, or whatever other contract or mode by which the same was so received by said W. & J. H. Leverich, was illegal, being to the injury of the creditors of said Greenleaf, and intended to give a preference to said defendants over the said creditors, no consideration for the same having been given at the time by them to said Greenleaf. That the property ceded by him will not be sufficient to pay the debts due by him.

The defendants answered, that they denied all and each of the allegations in the petition. That if they ever did receive the goods, monies, notes or orders, at the dates and times, and in manner and form, as is in the petition alleged, then that the same were received in the usual course of business, in

EASTERN DIS.
*April*, 1834.

ROBBINS,
SYNDIC, ETC.
*vs*
LEVERICH
ET AL.

good faith, and in payment of a just debt due them by Greenleaf.

To a supplemental petition the plaintiff subjoined twelve interrogatories propounded to the defendants, relating to the transfer of particular goods, notes, accounts and orders, by the insolvent or *some one for him*, to the defendants, at a period when they knew him to be insolvent.

The defendants on the 12th of January, 1831, filed their exception to the interrogatories propounded to them, because none of the said questions were pertinent to the issue, and moreover the same were not in conformity to the dates, circumstances and allegations in the petion filed by plaintiff.

On the first of February following, they answered the interrogatories; no decision of the court having then been pronounced upon the exception filed. They admitted the transfer of the goods, but denied that they had received several of the notes, orders and accounts in question *from the insolvent*. They did not know whether the insolvent was able to pay his debts when the transfers were made, which they averred were all made in the usual course of business and in payment of a just debt.

On the 19th of the following April, the syndic obtained a rule on the defendants, to show cause why those parts of their answers to the interrogatories should not be stricken out, which state that the transactions referred to were made in good faith, in the usual course of business, and in the payment of just debts; and why the exceptions of the defendants should not be overruled.

On the return day of the rule the court refused to strike out those parts of the answers, and the plaintiff took his bill of exceptions. The plaintiff objected to them on the ground that they were not facts, but inferences or matters of law.

*James Greenleaf*, testified that in December, 1829, he considered that he was doing a good business, and he was in good credit and considered himself as doing a good business till within a few days previous to his failure. That the transactions between witness and defendants were all. fair

business transactions, and in the usual course of business. EASTERN DIS.
*April*, 1834.

ROBBINS,
SYNDIC, ETC.
*vs.*
LEVERICH,
ET AL. There were no goods transferred by witness or payments made by him to the defendants, in order to give them any preference over his other creditors.

That the defendants and he had business together as grocers before his failure, and were in the habit of buying goods from one another, and selling goods to each other, and had a running account between them. The account ran from the month of December, 1829.

The jury returned a verdict in favor of the plaintiffs for one thousand two hundred and twenty dollars and seventy cents. This verdict was set aside, a new trial granted, and a second verdict found for the plaintiffs for one thousand one hundred and thirty-two dollars and ninety-one cents. A new trial having been refused, judgment was rendered upon this verdict, and an appeal therefrom taken by the defendants.

*Maybin*, for plaintiff and appellee.

1. The court below was correct in overruling the objections to the evidence made by the defendants. (See their bills of exceptions.)

2. The verdict of the jury was correct, both as to the law and facts.

3. Two juries have rendered verdicts for the plaintiff, which should be conclusive on this court, in a case like the present.

4. The court below erred in not striking out parts of the answers of the defendants, as is stated in the bill of exceptions of the plaintiff.

*Carleton* and *Lockett, contra.*

BULLARD, J., delivered the opinion of the court.

The plaintiff sues, as syndic, to annul certain contracts made by the insolvent with the defendants, within the three

EASTERN DIS.
*April,* 1834.

ROBBINS,
SYNDIC, ETC.
*vs.*
LEVERICH
ET AL.

months preceeding his surrender, as having been made in fraud of the creditors. The acts complained of as prejudicial to the rights of the creditors, are the alleged delivery of certain goods and merchandi e from time to time, and the transfer of certain notes and other evidences of debts, to secure a debt due to the defendants, and to give them an unjust preference over other creditors.

It appears that the insolvent and the defendants were engaged in the same kind of trade, that of retail grocers. The articles received by the defendants, from time to time, in small quantities, were such as grocers are in the habit of interchanging for the accommodation of their customers.

Where the insolvent and another person were both retail grocers, and the articles were received in small quantities from the insolvent, and such as grocers are in the habit of interchanging for the accommodation of their customers, *held* that such transactions, in the usual course of business, are not liable to be annulled as fraudulent, under the insolvent law.

The court is of opinion, that such transactions, in the usual course of business, are not liable to be annulled as fraudulent, under the insolvent laws of the state. The jury seems to have been of that opinion, and we concur with them. We shall, therefore, confine our attention to the transfer of certain debts, between the 28th of May and the 4th of June, 1830, the insolvent's bilan having been filed on the 10th of the latter month.

Interrogatories were propounded to the defendants relating to the transfer of these claims. They excepted to the interrogatories, as not pertinent to the issue, and not in conformity to the dates, circumstances and allegations in the petition. Without calling the court to decide on the exceptions, the defendants proceeded to answer on oath. Some were answered fully, but others relating to the transfer of the debts, are only partially answered, and the exception first made, was reserved and reiterated as to parts of the interrogatories not answered. The court overruled the exceptions, and the defendants went to trial without taking a bill of exceptions, and without making further answer. We cannot inquire into the correctness of the opinion of the district judge, in overruling the exceptions. The defendants

A party to the suit made a witness by an application to his conscience, cannot complain of being judged by such answers as he chooses to give.

might have answered more fully afterwards, or might have taken a bill of exceptions. Having been made witnesses, by an application to their own consciences, they cannot complain of being judged by such answers as they have chosen to give.

EASTERN DIS.
*April,* 1834.

=====

ROBBINS,
SYNDIC, ETC.
*vs.*
LEVERICH
ET AL.

By the sixth interrogatory, they were asked whether Greenleaf, *or some one for him,* did not, on or about a particular day, transfer, assign, or deliver to them or their order, or to some one for them, or on their account, an account or debt for one hundred and sixty-six dollars and seventy-four cents, due said Greenleaf, by N. Barlow & Co. ?

Their answer is, that *Greenleaf* did not assign, transfer, or deliver *to these respondents,* on or about that day, an account or debt for one hundred and sixty-six dollars and seventy-four cents, due by any such persons as R. Barlow & Co. This is not a full answer to that branch of the interrogatory. The question was in substance, whether they received, directly or indirectly, the transfer or assignment of such a debt. The answer negatives only the transaction, directly between the insolvent and the defendant personally.

Similar partial answers are given to the seventh and eighth interrogatories, relating to other claims alleged to have been transfered. Even those parts of the interrogatories, clearly susceptible of a direct and categorical answer, are not fully answered.

The ninth and tenth interrogatories, are answered in the affirmative, but the defendants go on to say, that the draft was given and the note transferred " *in the usual course of business, in good faith, and in payment of a just debt, due by said Greenleaf to the respondents.*" They admit, therefore, that on the 3d and 4th of June, they were creditors of Greenleaf, and that their claim was either secured or novated, by taking a draft at six months, and accepting the transfer of a note, which had about two months to run. This does not appear to the court one of those transactions in the usual course of business, on payment of a first debt in money, which are spoken of in article 1981 of the Code, as not voidable under the insolvent laws of the state. One week before the surrender, the defendants were creditors; they were not set down as such on the schedule, and the debt had been provided for, not by a payment in money, but by assignments of debts due to the insolvent, which, independently of his transaction, would have gone into the mass. We think

*Where the question propounded to the defendant, was in substance, whether he received directly or indirectly, the transfer or assignment of a particular debt; the answer which negatives only the transaction directly between the insolvent and the defendant personally, is insufficient.*

*A transfer is fraudulent, made by an insolvent one week before his surrender, of debts due him, so as to secure or novate a debt of the insolvent to the transferee.*

44

this is giving a preference to one creditor, which is reprobated by law. 3 *Martin,* 270. 4 *Louisiana Reports,* 247.

Whether the defendants knew, at the time of these transactions, that the insolvent was unable to pay all his debts, was a question left to the jury, and which they have found against the defendants. The evidence on that point is not so unequivocal as to enable us to say, that the jury was manifestly wrong, and we cannot disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.