Labatjve, J.
This suit is brought to recover from the defendant $4,000, *198 evidenced by a note dated 23d January, 1862, purporting to be signed by Martin Gordon, as agent of said defendant.
The answer contains a general denial, and an allegation that the power of Martin Gordon was canceled by his failure, in about February, 1861, and that therefore he had no authority to sign the name of defendant ; that the note was discounted by plaintiff at a time when there was no other circulation except Confederate notes, and under the implied contract that said note, at maturity, would bo paid in the same issue ; that Confederate notes were issued for the purpose of subverting the Government of the United States, and the contract was against good morals and for an illegal consideration ; that there was failure and want of consideration.
The District Court, after hearing the evidence, gave judgment for defendant against plaintiff, who took this appeal.
On the 27th day of March, 1860, by notarial act, passed before Thomas J. Beck, notary public in Now Orleans, the said defendant appointed the said Martin Gordon, Jr., to bo his true and lawful attorney “special,” granting unto said attorney full power, for him and in his name, to his use and in his behalf, to draw checks or drafts for the payment of money, upon any bank or banks, person or persons. * * And in his name and to his use, to make and endorse promissory notes, and to make notes payable to the order of Martin Gordon, Jr., either for the use of said Gordon or for the use of said M. S. Bringier, and to draw and endorse bills of exchange, and to make and give any note or notes which may be necessary from time to time, in renewal. * * *
The testimony shows that Martin Gordon, Jr., went to protestas endorser, on one note, in May, 1861; that he was a sugar and cotton factor before he went to protest; that ho suspended payment in May, 1863; that this suspension was of public notoriety in the commercial community; that said Gordon has not paid his obligations, and is no longer doing a commercial business.
On trial of the case below, defendant offered to prove by Bernard Avegno and Binder, that the note sued upon was discounted by said Binder & Avegno, as brokers, to James N. Lea; that the consideration paid for said note was Confederate treasury notes, and that there was no other currency at that time. Plaintiff objected, on the ground that there was no allegation in the answer that the consideration of the note sued upon was Confederate Treasury notes. The Court sustained the objections, and a bill of exceptions was taken to the opinion of the Court. We are of opinion the Court ruled correctly. The allegation in the answer, in regard to Confederate treasury notes, did not authorize the admission of the testimony.
There is but one question in the case : Had Martin Gordon fnihil, in the sense of Art. 2996 of the Civil Co.de, reading thus :
“ The procuration expires : - * By the death, seclusion, interdiction or failure of the agent or principal.”
Failure signifies the situation of a debtor who finds himself in the impossibility of paying his debts. C. C. (signification of terms) Art. 15.
The mere fact that a debtor is under protest and does not pay his debts, is not a proof of insolvency; it must be established that he has not the *199 means of paying thorn, by showing that the whole of his property and credits ara not equal in amount, at a fair nppmisement, to the debts due by him. O. O. Art. 198Ü. Although Martin Gordon was under protest as endorser on one note, and had suspended paym'ent in May, 1861, he might have had property and assets exceeding largely the amount of his liabilities. He had yet the power of controlling and selling his property. Thompson v. Gordon, 12 La. 260.
If ho could act for himself, wo see no good reasons why he could not also act as agent of the defendant, who, it seems, remained silent instead of revoking his power, as ho had the right to do. C. C. Art. 2997.’ Besides, there is no evidence in the record, of knowledge in the plaintiff, of llie state of affairs of Martin Gordon.
Wo are of opinion that plaintiff has made out his case in all respects, and that the judgment appealed from is erroneous and must bo reversed.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed. It is further adjudged and decreed, that the plaintiff, James N. Lea, recover of the defendant, M. S. Bringicr, the sum of one thousand dollars, with interest at the rate of eight per cent, per annum, from the 26th January, 1863, till paid, and costs of suit in both courts.