478 So.2d 211 (1985)
Ronnie M. ROBERSON, Plaintiff-Appellant,
v.
CITIES SERVICE COMPANY, Defendant-Appellee.
No. 84-834.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Cynthia Clay Guillory, Lake Charles, for plaintiff-appellant.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Hunter M. Lundy, Lake Charles, for defendant-appellee.
Exnicios and Nungesser, Randall J. Hafner, New Orleans, for plaintiff-appellee.
*212 John G. Discon, New Orleans, for intervenor-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
This is an appeal of a worker's compensation case. The plaintiff-appellant, Ronnie Roberson, contests the trial court's denial of his motion for continuance, and the trial court's decision on the merits and denial of attorney fees and penalties in favor of the defendant-appellee, Cities Service Company.
On August 2, 1981, Ronnie Roberson suffered an accident while working within the course and scope of his employment with Cities Service Company. As a result of the injuries he sustained, Mr. Roberson spent three weeks in the hospital under the care of Dr. Edmond Campbell, who treated the patient until September 15, 1981. Two days later Mr. Roberson sought the services of Dr. Clark Gunderson who discharged him to return to his previous occupation on October 27, 1981. Thereafter Mr. Roberson saw Dr. Robert Bernauer on November 10, 1981. The record shows that Doctor Bernauer discharged Mr. Roberson to return to his former employment at least by December 27, 1981.
While being treated by all of the above physicians, Mr. Roberson continually complained of lower back and right leg pain in addition to some headaches and dizziness. Other subjective complaints of the patient were less consistent. All of these doctors required Mr. Roberson to undergo extensive physical therapy. However, none of the physicians could name any continuing objective findings for the plaintiff's pain, although several different tests had been performed.
On January 11, 1982, Mr.Roberson saw Dr. John Watermeier in New Orleans, Louisiana. The doctor's examination revealed that Mr. Roberson had only fifty percent of normal back flexion, pain in straight leg raising, weakness in the muscles of the lower leg, and a decrease in sensation of the foot. The above findings prompted Doctor Watermeier to recommend that a series of diagnostic tests be performed on Mr. Roberson. As a result Mr. Roberson underwent a myelogram, discogram, and nerve block, all of which showed no abnormalities. However, the radiculogram, taken at the same time as the nerve block, showed that when the L4-L5 level was blocked, Mr. Roberson's pain was reproduced, and when that area received an anesthetic, pain disappeared. Doctor Watermeier interpreted this latter finding as some type of inflamation to the nerve in the L4-L5 region, and recommended that Mr. Roberson undergo either steroid treatments or surgery. Mr. Roberson elected the steroid treatments and was admitted to a hospital for that purpose on February 11, 1982. In May of 1982, Mr. Roberson was still experiencing pain so Doctor Watermeier performed a new diagnostic test called a CAT scan. This test was also normal.
Due to further complaints of pain, Mr. Roberson was admitted to the St. Charles General Hospital in New Orleans, Louisiana, for surgery on October 26, 1982. The next day a second nerve block and radiculogram were performed. The nerve block test results were normal, but the radiculogram elicited pain at the L5-S1 level. Because the radiculogram had been positive at two different levels (both the L4-L5 and L5-S1) Doctor Watermeier performed the laminectomy at both points.
Since his surgery, Mr. Roberson still complains of pain. His physician, Doctor Watermeier, stated in deposition that Mr. Roberson was capable of performing light duty work but not manual labor or repetitive climbing of ladders. Doctor Watermeier further stated that the plaintiff-appellant has a permanent residual disability of ten percent, that he will need medication periodically for quite some time, that he should expect at least six visits to a physician per year, and there exists a remote possibility of future surgery.
Mr. Roberson's employer, Cities Service Company, paid Mr. Roberson worker's compensation benefits from August 2, 1981, *213 through December 27, 1981. A letter dated January 7, 1982, from Cities Service Company informed Mr. Roberson that his worker's compensation benefits had been terminated. The letter further ordered Mr. Roberson to report for regular duty work or submit a doctor's written report that he could not do so by January 12, 1982. At trial Mr. Roberson testified that on January 12, 1982, he appeared at his work place with a letter from Doctor Watermeier stating that he could do only light duty work. Evidently the employer declined to provide light duty work for Mr. Roberson. Ultimately, Cities Service Company terminated Mr. Roberson for absenteeism.
On February 18, 1982, suit was filed by Ronnie Roberson, represented by John G. Discon, seeking worker's compensation benefits, medical expenses, and penalties for arbitrary and capricious discontinuance of benefits. Mr. Roberson subsequently became dissatisfied with Mr. Discon's services and sought legal counsel from a New Orleans attorney named Samuel Exnicios. John Discon, who had previously represented Mr. Roberson, filed a petition for intervention on June 2, 1983, seeking attorney's fees and expenses incurred in that representation. On June 6, 1983, the previously filed motion of Mr. Roberson to substitute Mr. Exnicios as counsel was signed.
On August 9, 1983, defendant Cities Service Company requested the court to set a trial date "at the earliest possible time." The trial date was set for December 7, 1983, however, it does not appear from the record when the notice of trial date was mailed to the parties. On November 8, 1983, notice was filed setting the deposition of Dr. John Watermeier for December 14, 1983. Evidently, the trial date was made known to the parties after the setting of Doctor Watermeier's deposition, because a second notice to take that doctor's deposition on November 28, 1983, was filed on that same day. At Doctor Watermeier's deposition both Mr. Exnicios and Randell J. Hafner were present for the plaintiff. On the day of trial, Mr. Exnicios moved the court to associate Mr. Hafner as co-counsel. Mr. Hafner was the attorney who actually tried the case for Mr. Roberson.
Before the taking of testimony began at trial, the plaintiff moved for a continuance which was denied by the trial court. The case was tried on the merits and decision was rendered in favor of the defendant-appellee, Cities Service Company.
The appellant's first assignment raises the issue of whether the trial court erred in denying the plaintiff-appellant's motion for a continuance. Article 1602 of the Code of Civil Procedure, which provides for mandatory continuances, states:
"A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance."
The appellant alleges that since Doctor Watermeier was unable to examine him at the time of trial, the doctor could not compile a future medical report which was critical to the successful presentation of the appellant's case. The appellant maintains that such a medical report constitutes material evidence which the appellant could not obtain prior to trial, despite his due diligence.
The appellant's argument is without merit. First, Mr. Roberson had his surgery in October of 1982 and the trial was not held until December of 1983; therefore, the appellant had over a year in which to procure a future medical report from his doctor had he persued that endeavor diligently. Second, Doctor Watermeier's deposition, which was taken expressly to perpetuate his testimony, included the doctor's opinions and speculation concerning the appellant's future medical expenses. We find that there is no merit to the appellant's allegation that he was "unable, with the exercise of due diligence, to obtain evidence material to his case; ..." (emphasis ours).
*214 The appellant also states in this appeal that because Doctor Watermeier was unable to attend trial, La.C.C.P. Art. 1602 required a continuance. Aside from the fact that Doctor Watermeier's deposition was specifically taken to perpetuate his testimony for trial, we note that this ground for a continuance was not argued before the trial court.
"[O]rdinarily issues not passed on by the trial court are not reviewed by the appellate court, but the appellate court, in discharging its duty to render judgment which is just, legal and proper upon the record, has authority to consider any legal point or theory presented in the case, when the record contains all necessary evidence to determine the question, even though no ruling was made on that issue by the trial court, LSA-C.C.P. Article 2164, and Comment a under that article."
Placid Oil Company v. Taylor, 313 So.2d 626 (La.App. 3rd Cir.), writ granted and remanded for rehearing, 318 So.2d 40, on remand, 325 So.2d 313 (La.App. 3rd Cir. 1975), writ denied, 329 So.2d 455 (La. 1976).
The party moving for a continuance bears the burden of proving that his motion falls within the peremptory grounds set forth in La.C.C.P. Art. 1602. Armstrong v. State Farm Fire and Casualty Company, 423 So.2d 79 (La.App. 1st Cir. 1982). Even if we were of a mind to consider a ground for continuance which was not presented to the trial court, we find that the record does not contain the evidence necessary to determine whether Doctor Watermeier's absence from trial was grounds for a mandatory continuance. No evidence was presented to suggest why the doctor was absent from trial, or whether he was even asked to appear. Further, there is no mention of a subpoena issued to Doctor Watermeier in the record. Since there is no evidence in the record to explain Doctor Watermeier's unavailability for trial, we must conclude that the plaintiff-appellant failed to prove his peremptory grounds for a continuance.
Assignment of Error No. 1 is without merit.
The appellant's second assignment alleges the trial court's error in denying worker's compensation benefits to the plaintiff-appellant beyond the date on which they were terminated by the defendant-appellee. In his written reasons for judgment, the trial judge stated his findings that Mr. Roberson was experiencing no disability following his release by Doctor Bernauer on December 27, 1981, and that there were no objective or clinical findings to justify the back surgery performed by Doctor Watermeier.
"The findings of the trial judge are entitled to great weight, and will not be disturbed except upon a showing of manifest error." Young v. Hercules, Inc., 449 So.2d 721 (La.App. 3rd Cir.), writ denied, 450 So.2d 969 (La.1984). It is difficult for us to find manifest error where the judge was presented with the testimony of three competent physicians which indicated a lack of clinical substantiation for the plaintiff-appellant's subjective complaints of pain. Mr. Roberson was required to travel all the way to New Orleans to find a doctor who would not release him to return to his former employment. As unfortunate as the plaintiff-appellant's situation may be, there is no error in the judgment of the trial court.
The appellant's second assignment of error is without merit.
Appellant's final assignment of error asserts the trial court's error in denying appellant's claim for penalties and attorney's fees pursuant to La.R.S. 23:1201.2. Inasmuch as we find no error in the trial court's conclusion concerning termination of benefits to the appellant, it follows rationally that penalties and attorney's fees are not due. Appellant's third assignment of error is therefore without merit.
The intervenor in this case, John Discon, had filed an answer to appellant's appeal. As already explained, the intervenor seeks attorney's fees and expenses incurred while representing the appellant earlier in this litigation. The intervenor's answer to appeal petitions this Court to render a decision *215 on its intervention should we reverse the decision of the lower court. Since we have declined to reverse the trial court, the intervenor's appeal cannot be considered by us.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs of this appeal to be borne by the appellant.
AFFIRMED.