# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-190

SUCCESSION OF NITA HILL STARK

************

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 300-0585
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AND REMANDED.**

L. Clayton Burgess
G. Shelly Maturin, II
605 West Congress Street
Post Office Drawer 5250
Lafayette, Louisiana 70502-5250
(337) 234-7573
COUNSEL FOR APPELLANTS:
    Ida Marie Stark, individually, and as
    Independent Executrix of the Estate of William H. Stark, II,
    Randall Hill Stark, William H. Stark, III, and Lynn Stark Barras

**Russell J. Stutes, Jr.**
**P. Jody Lavergne**
**Joel M. Lutz**
**Stutes, Fontenot, Lavergne & Lutz**
**Post Office Box 1644**
**Lake Charles, Louisiana 70602**
**(337) 433-0022**
**COUNSEL FOR APPELLEE:**
      **The Nelda C. and H. J. Lutcher Stark Foundation, represented by**
      **Walter Riedel III, President and Chief Executive Officer**

**Allen L. Smith, Jr.**
**Plauche, Smith & Nieset**
**1123 Pithon Street**
**Post Office Box 1705**
**Lake Charles, Louisiana 70602**
**(337) 436-0522**
**COUNSEL FOR APPELLEE:**
      **The Nelda C. and H. J. Lutcher Stark Foundation, represented by**
      **Walter Riedel III, President and Chief Executive Officer**

**Homer Stark**
**In Proper Person**
**c/o Jerry Kacal**
**Dunn, Kacal, Adams, Pappas**
**One Riverway, Suite 1200**
**Houston, Texas 77056**

**Rebecca Stark Nugent**
**In Proper Person**
**5008 Fairfield Court**
**Bryan, Texas 77802**

**GENOVESE, Judge.**

In this ancillary succession proceeding, the heirs of Nita Hill Stark (heirs) appeal the trial court's judgment denying their motions for continuance and sustaining the exception of prescription filed on behalf of the Nelda C. and H. J. Lutcher Stark Foundation (Foundation). For the following reasons, we affirm.

## FACTS

The historical backdrop of the instant matter spans two states, three prior lawsuits, and more than sixty-four years. The following is an abbreviated discourse of the facts relevant to the issues presented for this court's consideration.

H. J. Lutcher Stark (Lutcher), a domiciliary of Orange, Texas, died in 1965. He had two sons, William "Bill" H. Stark, II and Homer Stark (Bill and Homer), both adopted with his first wife, Nita Hill Stark (Nita), who died in 1939. Lutcher had no children by his second wife, who also predeceased him. Lutcher then married Nelda C. Stark (Nelda) in 1945 and had no children with her. According to his 1961 will and the estate proceedings in Texas, Lutcher left one million dollars to each of his two sons, Bill and Homer. He left his personal property to Nelda and named her the universal legatee of one-half of his remaining estate. The other half was left to the Nelda C. and H. J. Lutcher Stark Foundation. The bulk of Lutcher Stark's sizeable estate involved property located in Texas, and his will was probated there in the years following his death. Bill and Homer received their bequests in 1969 and signed releases acknowledging payment and relinquishing any further claims to their father's estate.

There being immovable property in Calcasieu Parish, Louisiana, in 1972, Nelda filed ancillary succession proceedings in Calcasieu Parish. She asserted ownership by Lutcher's estate of forty-two acres of land in Calcasieu Parish and numerous

1

mineral interests in Calcasieu and Caddo parishes. The Louisiana property was valued at $40,950.00. Nelda alleged that the portion of the Louisiana property required to go to Bill and Homer, as forced heirs, was more than fully satisfied by the million-dollar bequests disbursed to them in 1969. She also offered proof of the Foundation's waiver of its right to claim the Louisiana property. Consequently, Nelda alone was put into possession of all of the Louisiana property owned by Lutcher at the time of his death. In 1982, Nelda filed a petition to amend the detailed descriptive list and judgment of possession in the ancillary succession, having discovered an additional mineral interest owned by Lutcher's estate in Caddo Parish. The judgment of possession was amended thereby naming Nelda as owner of the newly discovered mineral interest in Caddo Parish.

In 1988, in the same ancillary succession proceeding filed by Nelda in Calcasieu Parish back in 1972, the heirs claimed that Nelda failed to disclose to the Louisiana court thousands of acres of land owned by Lutcher at the time of his death, as well as numerous mineral leases and other income-producing property located in Louisiana. The heirs prayed for the appointment of Randy Stark (Lutcher's grandson) as executor of Lutcher's estate, a detailed descriptive list and final accounting of Louisiana assets from a representative of the Estate of Nelda Stark, possession of all property concealed by Nelda, and collation of any assets advanced to Nelda during Lutcher's lifetime. The heirs then filed an amended petition seeking to nullify the original and amended judgments of possession. The succession, through its universal legatee, the Nelda C. and H.J. Lutcher Stark Foundation, and the succession's co-executors, Eunice R. Benckenstein, Walter Riedel III, and Roy Wingate, filed exceptions to the petition based on res judicata, prescription, no cause of action, and no right of action. The trial court maintained the exceptions of prescription and no

2

cause or right of action and dismissed the heirs' suit. This court, in *Ancillary Succession of H. J. Lutcher Stark*, an unpublished opinion bearing docket number 04-323 (La.App. 3 Cir. 9/29/04), 885 So.2d 59, *writ denied*, 04-2700 (La. 1/7/05), 891 So.2d 680, affirmed the trial court's ruling dismissing the heirs' suit.

Bill Stark died in 1979. His heirs and his brother, Homer, filed suit in Texas in 1988, seeking additional money from the Lutcher estate and from the Foundation. They alleged fraud and mismanagement in the handling of Luther's estate, as well as in the handling of Nita's estate, and the embezzlement and concealment of assets belonging to the succession. Their claims were ultimately settled in 1991, with Bill's family and Homer each receiving $2,500,000.00 from the estate and the Foundation. The settlement documents described the compromise as a full and final settlement of any and all claims of fraud, mismanagement, heirship, inheritance rights, and forced heirship against the estate and the executrix.

In 1999, Nelda died. In a Texas suit filed shortly thereafter, Homer and Bill's heirs contended that following her death, certain employees of the Foundation or Foundation-owned enterprises, such as the Stark Art Museum, approached family members and told them that Nelda had hidden property from them and had instructed them to burn documents evidencing certain assets. Summary judgment was rendered in that lawsuit in favor of Nelda's estate and the Foundation, with the court upholding the validity of the 1991 settlement and release of any further claims.

On January 24, 2003, Appellants, Ida Marie Stark, individually, and as Independent Executrix of the Estate of William "Bill" H. Stark, II, Randall Hill Stark, William H. Stark, III, and Lynn Stark Barras, filed the instant litigation asserting that "H. J. Lutcher Stark concealed and/or omitted substantial Louisiana assets of the Decedent, Nita Hill Stark, from the rightful heirs. . . ." Appellants further alleged that

the legitime of Bill and Homer Stark had not been satisfied in accordance with Louisiana law. In response, Appellee, the Nelda C. and H. J. Lutcher Stark Foundation, represented by Walter Riedel, III, its Chairman of the Board, filed exceptions of res judicata, prescription and no right of action.

The Foundation's exceptions were originally set for hearing on April 11, 2005, but were continued and re-fixed for May 23, 2005 at the request of Appellants' counsel. Appellants also filed a motion for continuance and a motion for contempt which were set for hearing on the same date.[1] The trial court: (1) denied Appellants' motions for continuance; (2) denied Appellants' motion for contempt; (3) granted Appellee's exception of prescription; (4) denied Appellee's exception of no right of action; and (5) found the exception of res judicata to be moot.

Appellants appeal the denial of the motions for continuance and the granting of the exception of prescription. For the following reasons, we affirm.

### ISSUES

The issues presented for our review are:

(1)     whether the trial court erred in denying the motions for continuance; and

(2)     whether the trial court erred in granting the exception of prescription on the "claims for reduction" against the Foundation.

### LAW AND ARGUMENT

**Motions For Continuance**

As noted above, prior to the date of the hearing, Appellants filed a written motion for continuance asserting that, due to illness, Ida Marie Stark could not attend

---

[1]Although this motion for continuance and motion for contempt were not located in the record, the trial court orally rendered judgment on these issues on May 23, 2005, and included same in the written judgment of July 8, 2005. Additionally, the appellate briefs of the parties reference these motions.

4

the scheduled hearing date. Additionally, at the beginning of the hearing on May 23, 2005, Appellants orally moved for a continuance asserting the inability of Ida Marie Stark, co-executrix of the Succession of Nita Hill Stark, to appear and testify at the hearing due to her hospitalization. The parties stipulated that she was hospitalized and physically unable to attend the hearing.

Appellants assert on appeal that the trial court erred in not granting the motions for continuance due to the inability of Ida Marie Stark to appear at the hearing. In support of their assertion, Appellants cite La.Code Civ. P. art. 1601 and, alternatively, La.Code Civ. P. art. 1602.

Louisiana Code of Civil Procedure Article 1602 sets out the peremptory grounds for a continuance, providing as follows:

> A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.

If the requisite showing is made, the granting of a continuance is mandatory. However, each of the elements must be established before a continuance must be granted, including the "[m]ateriality of missing evidence. . . ." *Herb's Machine Shop, Inc. v. John Mecom Co.*, 426 So.2d 762, 765 (La.App. 3 Cir.), *writ denied*, 430 So.2d 98 (La.1983) (citing *Gallin v. Travelers Ins. Co.*, 323 So.2d 908 (La.App. 4 Cir. 1975), *writ denied,* 329 So.2d 452 (La.1976)). Additionally, the burden is on the Appellants to prove that the motion for continuance comes within the parameters of the peremptory grounds set forth in La.Code Civ.P. art. 1602. *Roberson v. Cities Service Co.*, 478 So.2d 211 (La.App. 3 Cir. 1985).

Appellants contend that Ida Marie Stark was a material witness since she is a co-executrix of the estate. They conclude that her absence, therefore, mandated a

5

continuance of the hearing date pursuant to La.Code Civ. P. art. 1602. We disagree.

Appellants assert that Ida Marie Stark's testimony was required to establish that the estate had never been involved in prior litigation and that she, as co-executrix of the estate, had not executed any receipt and release documents and had not been a part of a final judgment. However, the substantive nature of the testimony of Ida Marie Stark sought to be introduced was not pertinent to the exception of prescription. "Evidence is material if the proposition it tends to prove or disprove is a matter in issue." *Matte v. La. Farm Bureau Cas. Ins. Co.*, 95-1308, p. 4 (La.App. 3 Cir. 6/12/96), 676 So.2d 713, 715 (quoting *State v. Rogers*, 553 So.2d 453, 455 (La.1989)). In other words, "[n]o factual showing was made that [her] presence was necessary to resolve this controversy." *Armstrong v. State Farm Fire & Cas. Co.*, 423 So.2d 79, 81 (La.App. 1 Cir. 1982). Therefore, we find that Appellants failed to establish the requirements for a continuance under La.Code Civ. P. art. 1602.

Additionally, a trial court may grant a motion for continuance on discretionary grounds as set forth in La.Code Civ.P. art. 1601, which provides that "[a] continuance may be granted in any case if there is good ground therefor." Appellants assert in their appellate brief "that an exception, by definition, is a defense," and that "Ida Marie Stark, as co-executrix, should have the opportunity to respond to the 'defenses' that were raised by the Foundation." They conclude that this constituted "good ground[s]" under La.Code Civ. P. art. 1601. We disagree.

Appellants acknowledge in their appellate brief that the other co-executrix, Rebecca Stark Nugent, was questioned on the "defenses" raised by the Foundation. However, we find that neither the testimony of co-executrix Rebecca Stark Nugent, nor the proffered testimony of co-executrix Ida Marie Stark, was relevant to the granting or denial of the exception of prescription. We, therefore, conclude that

6

Appellants likewise failed to establish the requisite "good ground" for a continuance pursuant to La.Code Civ. P. art. 1601.

During the course of the hearing, counsel for Appellants re-urged his motion for continuance due to the absence of Ida Marie Stark. This motion for continuance was based upon Appellants' inability to introduce evidence that Ida Marie Stark had hired a land man to investigate whether or not certain assets were included in the estate. After the trial court's denial of a continuance on this issue, counsel for Appellants offered a proffer of what Ida Marie Stark would have testified to had she been present at the hearing. The proffer began with counsel stating that Ida Marie Stark "could testify about how she hired [a land man] and looked into whether or not there were potential assets or mineral interests that could be owed the succession."

We find that the proffered testimony of Ida Marie Stark would be hearsay testimony and, therefore, inadmissable even if the witness had testified at the hearing. We further note that Appellants failed to call the land man as a witness to testify about his findings, if any, which they could have done. We, therefore, find Appellants argument on this issue to be without merit.

"It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of clear showing of abuse of that discretion." *Sauce v. Bussell*, 298 So.2d 832, 834 (La.1974); *Jackson v. Royal Ins. Co.*, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424; *Taylor v. Sauls*, 99-1436 (La.App. 3 Cir. 9/6/00), 772 So.2d 686, *writs denied*, 00-2802, 00-2805 (La. 12/8/00), 776 So.2d 461. Considering the record in its entirety, we find no abuse of discretion in the trial court's denial of Appellants' motions for continuance of the May 23, 2005 hearing.

7

**Exception of Prescription**

Appellants contend that the trial court erred in granting Appellee's exception of prescription. We disagree.

Appellants asserted in the trial court, and again in their appellate brief, that the Foundation cannot raise the defense of prescription since the Foundation was not made a party to the lawsuit. We find this argument to be without merit.

Appellants' petition is entitled "Petition for Appointment of Dative Testamentary Co-Executors and for Recovery of Legitime." Notably, paragraph seven of the petition alleges that "[t]he legacy received by Homer Stark and William ["Bill"] H. Stark, II did not satisfy their legitime under Louisiana law." Additionally, paragraph ten of the petition alleges, "that the legitime of William ["Bill"] H. Stark, II and Homer Stark has not been satisfied in accordance with Louisiana law."

It is unrefuted that upon the death of H. J. Luther Stark, and in accordance with his testament, the universal legatees of his succession were Nelda, his widow, and the Foundation. Nelda died on December 13, 1999 and, pursuant to her testament, the Foundation was named the universal legatee of her succession. Consequently, the Foundation is the universal successor of Lutcher's estate and, therefore, it is the *only* entity from which a reduction may be claimed. Appellee has the legal right to have that justiciable issue resolved. In succession proceedings, heirs, legatees, and creditors often resolve justiciable issues between them by use of motions, exceptions, and rules to show cause without any formal naming of defendants, all under the umbrella of a succession proceeding. Such is the case here. All parties to the justiciable issue were duly notified and given an opportunity to be heard. Procedural due process was satisfied and a decision rendered. Formal naming of a defendant was not necessary considering the facts and circumstances of this case.

On the substantive merits of the exception of prescription, Appellants put forth

no argument supporting their contention that their claim has not prescribed. The record reveals that Nita Hill Stark died October 11, 1939. Her will was first filed for probate in Louisiana on December 12, 1941. The prescriptive period applicable to a suit to reduce a donation mortis causa begins to run from the date the will is filed for probate. *In Re Andrus*, 221 La. 966, 60 So.2d 899 (La.1952); *Kilpatrick v. Kilpatrick*, 625 So.2d 222 (La. App. 2 Cir. 1993), *writ denied*, 631 So.2d 445 (La.1994).

Louisiana Civil Code Article 3497 sets forth the relevant prescriptive period as follows:

### Art. 3497. Actions subject to a five year prescription

The following actions are subject to a liberative prescription of five years:
An action for annulment of a testament;
*An action for the reduction of an excessive donation*; and
An action for the rescission of a partition and warranty of portions.
This prescription is suspended in favor of minors, during minority.

(Emphasis added).

Appellants filed the present claim for reduction on January 24, 2003. The prescriptive period began to run from December 12, 1941, the date Nita Hill Stark's will was filed for probate. Therefore, the present claim was not filed within the five year prescriptive period set forth in La.Civ. Code art. 3497.

A trial court's findings of fact regarding an exception of prescription may not be reversed absent manifest error. *Dauterive Contractors, Inc. v. Landry & Watkins*, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242. For the foregoing reasons, we find no manifest error in the trial court's judgment granting Appellee's exception of prescription and dismissing Appellants' claim for reduction.

This court also notes, as did the trial court in its oral reasons for judgment, that the granting of Appellee's exception of prescription relates solely to Appellants'

9

claim for reduction. It does not relate to any other claims which Appellants may have in connection with the estate of Nita Hill Stark. Therefore, this matter is remanded to the trial court for further proceedings.

## DECREE

For the reasons set forth above, we affirm the judgment of the trial court denying Appellants' motions for continuance. Further, we affirm the judgment of the trial court granting Appellee's exception of prescription and its dismissal of the claim for reduction brought by Ida Marie Stark, individually, and as Independent Executrix of the Estate of William "Bill" H. Stark, II, Randall Hill Stark, William H. Stark, III, and Lynn Stark Barras. We remand this matter to the trial court for further proceedings consistent herewith.

Costs of this appeal are assessed against Ida Marie Stark, individually, and as Independent Executrix of the Estate of William H. Stark, II, Randall Hill Stark, William H. Stark, III, and Lynn Stark Barras.

**AFFIRMED AND REMANDED.**

10