Martin, J.
delivered the opinion of the court. The plaintiff, stating that the defendants owe him $778 on a note, for the security of which the husband mortgaged a house and lot, part of the wife’s dowry, which, by their marriage contract, he was authorised to sell and alienate, with her consent, prayed and obtained an order of seizure. His petition concluded with a prayer that the defendants might be cited, and that he might have such other relief as the case required.
The wife, being thereto authorised by the court, (by a curator ad litem, she being a minor) pleaded the general issue and nonage.
She admitted in her answer, that she signed the note; but averred she was not bound thereby, because she signed it without the authority of her husband; because she thereby appears to have bound herself in the same contract, with him : because it did not turn to her benefit; that she never consented to the mortgage given by her husband.
There was judgment against the husband, and for the wife, and the plaintiff was perpe *454 tually enjoined from proceeding on the order ' . of seizure. He appealed.
The wife's counsel have been heard ex parte.
The marriage’contract authorises the husband to sell and alienate the house and lot, with the consent of the wife.
The mortgage deed states, that the wife was present, and declared that she consented thereto — but her signature does not appear to it — she denies that she consented to the mortgage, and there is no evidence of her doing so.
The district court was therefore correct in making the injunction perpetual.
We do not enquire into the correctness of the judgment against the husband, as he did not appeal, and did not appear in this court.
There is no evidence of the authorisation given by the husband to the wife — none results from the note, because it is not proven to have been subscribed by the husband. It is true his signing is alleged in the petition, but it is denied by the wife, who pleaded the general issue, yet admitted her own signature. The husband did not appear in the district *455 court, no judgment by default was taken . , J against him — and although the judge states in his decree, that the plaintiff proved his demand against the husband, this does not appear from any other part of the record. Longer & al. vs. Pigeau, 3 Martin, 221.
Davezac for the plaintiff, Seghers for the defendants.
The district court grounds its judgment on the absence of any proof that the note was given for the benefit of the wife. The decision, in this respect, is in conformity with ours in the case of Durnford vs. Gross & wife. 7 Martin, 489.
It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.