384 So.2d 509 (1980)
Paul Henry KIDD, Plaintiff-Appellee,
v.
James L. FORTENBERRY et al., Defendants-Appellants.
No. 14141.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
*510 Davenport, Files, Kelly, Marsh & Graham by Thos. W. Davenport, Jr., Monroe, for defendants-appellants.
Paul Henry Kidd, A Professional Corp., by Paul Henry Kidd, Monroe, for plaintiffappellee.
Before PRICE, JONES and McCLENDON, JJ.
McCLENDON, Judge.
In this case the trial court granted a new trial as to a portion of a default judgment and denied it as to other parts. This appeal was taken from that denial. Denial of a motion for new trial is not a final judgment from which an appeal may be taken, consequently, this appeal must be dismissed.
Plaintiff sued defendant Fortenberry and his liability insurer for damages arising out of an automobile collision allegedly caused by the negligence of defendant Fortenberry. Upon failure of either defendant to answer, a default was entered and, in due course, confirmed. Based upon plaintiff's testimony, certain auto repair bills, ambulance bills, and hospital bills filed in evidence, the trial court found defendant Fortenberry negligent and granted judgment against him and his insurer in the amount of $11,796.10, made up, as shown by the transcript of evidence, of $8,000.00 for total loss of plaintiff's car, $3,500.00 for personal injuries, and $296.10 special damages.
Defendants filed a belated answer and at the same time a motion for new trial, alleging the judgment to be contrary to the law and the evidence.
After consideration of this motion and memoranda filed in connection therewith, the trial court concluded that defendant Southern Farm Bureau Casualty Insurance Company was entitled to a new trial because there was no competent evidence in the record to establish the contract of insurance. It further granted defendant Fortenberry a new trial on the issues of the damage to plaintiff's automobile and the medical specials, but denied new trial on the questions of liability and the personal injury award.
Granting of a partial new trial is permitted by the Louisiana Code of Civil Procedure Article 1971, which provides as follows:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.
We base our dismissal of this appeal on General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965), wherein the Louisiana Supreme Court held that a judgment denying a motion for new trial is neither a final judgment nor an interlocutory judgment which causes irreparable harm, citing State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
We are aware of those cases wherein the Louisiana Supreme Court has held that, where the motion for appeal refers to a judgment by date and that judgment is one *511 denying a motion for new trial, but the appellant exhibits the clear intention (from his brief and argument) to appeal instead from an adverse judgment on the merits, then the appeal should be considered. Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Smith v. Hartford Accident & Indemnity Co., 254 La. 341, 223 So.2d 826 (1969).
However, in the present case it is quite clear from appellants' brief that they have appealed specifically from that judgment denying (in part) their motion for new trial.
The fact that this was a partial denial only does not, in our opinion, in any way alter the situation. In this connection we note that the trial court did not order that portion of the default judgment left intact and not subject to new trial to be held in abeyance as permitted by the last sentence in La.C.C.P. Art. 1971, supra. However, this sentence has been construed to be mandatory without the necessity of a specific order in such cases. Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973).
For these reasons this appeal is dismissed at appellants' cost.