REDMANN, Judge.
Plaintiff appeals from an award of $1,310.75, complaining of the trial judge’s limiting the general damages award to $500 because no physician corroborated plaintiff’s testimony of her minor injury. Neither defendant appeals or answers plaintiff’s appeal. The question is whether the trial judge erred in refusing a continuance when plaintiff’s sole intended medical witness, subpoenaed 13 days before the trial, did not appear. We answer yes and remand.
This is not a case of the doctor’s testimony being immaterial, as a trial judge might have viewed it in the light of plaintiff’s own description of her “fried egg over easy” swelling in her back. The trial *1348 judge’s express reasoning affirms that, in his mind, the doctor was a “material witness” within La.C.C.P. 1602: the judge did not “feel that her injuries as she described alone without corroboration justified an award for the usual kind of award in this kind of case.”
The wording of C.C.P. 1602 is mandatory, McCaleb v. Department Pub. Safety, 309 So.2d 748 (La.App. 4 Cir. 1975), requiring that
A continuance shall be granted if at the time a case is to be tried, the party . . . shows . . . that a material witness has absented himself without the contrivance of the party applying for the continuance.
Here the trial judge noted the presence in the record of the return on the subpoena showing service on the doctor through his secretary as authorized by C.C.P. 1236. The trial judge denied the continuance, stating, “You have the option, of course, of holding him [the doctor] in contempt of court or issuing an instanter subpoena for him, and if you wish at a later date to bring him in for contempt, I will hold him in contempt .... I find that a physician ... who ignores a subpoena does so at his own peril.”
To deny the continuance to the litigant patient, however, was to hold that the physician ignores a subpoena at the litigant’s peril rather than at the physician’s own peril. The settlement of citizens’ disputes in the court rather than in the streets depends in essential part upon society’s affording effective measures to compel the attendance of witnesses in behalf of the litigants. When a witness subpoenaed to attend a court hearing does not obey that subpoena, due process of law, La.Const. art. 1 §§ 2 and 22 and U.S.Const. amend. 14 § 1, requires that the court exert its powers in behalf of the disadvantaged litigant to obtain compliance with its subpoena, unless the court finds some circumstance such as that the witness’s proposed testimony is not material to the dispute or that the subpoenaing litigant has conspired to obtain disobedience of the subpoena — both possibilities treated by La.C.C.P. 1602. In the absence of some such circumstance, the court may not merely decide the litigation as if the litigant had not attempted to produce further, material testimony. Differing circumstances may require differing solutions to. the litigant’s problem, but in our circumstances of a local physician’s failing to appear, the motion for a continuance should have been granted, to allow the physician to testify in person or by deposition.[1]
The judgment appealed from is therefore set aside insofar as it fixed the general damages and the matter is remanded for further proceedings not inconsistent with this opinion.

. Plaintiffs motion for a new trial shows (for the first time in the record) that the doctor did not appear because of a misunderstood message from plaintiffs lawyer relating to another case. This may have been negligence attributable to plaintiffs lawyer, but not “contrivance” within C.C.P. 1602. In any case, at the time of the ruling here complained of, the record shows only that a subpoenaed material witness absented himself without contrivance by plaintiff.