432 So.2d 1140 (1983)
Joseph JOHNSON, Plaintiff-Appellant,
v.
Dorothy Baptiste JOHNSON, Defendant-Appellee.
No. 83-18.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1141 Joseph Johnson, in pro. per.
J. Marc Lampert, Alexandria, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This is an in forma pauperis appeal in which the defendant-appellant appears in proper person.
The defendant-appellant's motion for appeal refers to a judgment by date and that judgment involves a denial of his motion for a new trial. We have consistently held that the denial of a motion for new trial is not a final judgment from which an appeal may be taken. Kidd v. Fortenberry, 384 So.2d 509 (La.App. 2nd Cir.1980). Nonetheless, the defendant-appellant's brief exhibits his intention to appeal from an adverse judgment on the merits. Accordingly we shall consider his appeal. Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (La.1968); Smith v. Hartford Accident & Indemnity Co., 254 La. 341, 223 So.2d 826 (La.1969); Kidd, supra.
Joseph Johnson has filed this appeal from a judgment in favor of his divorced wife increasing his monthly child support payments. We affirm.
The narrow issue presented on appeal is whether the trial court abused its discretion in granting an increase of child support from $40 per month to $150 per month.
The amount of child support is calculated according to the child's needs as well as the circumstances of those who are obligated to pay it. Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3rd Cir.1982). In order for us to justify the trial court's increase of child support payments we must determine that the evidence reflects a change in circumstances.
Joseph Johnson and Dorothy Baptiste were married on February 18, 1971. Of this union one child was born, namely, Andrea Johnson. On September 13, 1972, Joseph Johnson and Dorothy Baptiste Johnson were judicially divorced in Rapides Parish. In the judgment of divorce Mrs. Johnson was awarded the custody of Andrea and Mr. Johnson was ordered to pay child support of $40 per month.
*1142 The parental obligation owed by Joseph Johnson and Dorothy Baptiste Johnson to support, maintain, and educate their child, Andrea, is both a moral and legal obligation. LSA-C.C. Art. 227.
Mr. Johnson is employed as a garden superintendent at Alexandria Memorial Gardens. His gross income is $576.20 per month. Mrs. Johnson is employed as a teacher's aide for the Rapides Parish School Board. Although her gross monthly salary is $702, she is participating in a "debt counseling plan" supervised by the Rapides Federal Teachers Credit Union. In an effort to reduce Mrs. Johnson's past due indebtedness this plan deducts some $375 monthly from her income for distribution to her creditors. As a result of these deduction she is left with $129.50 a month to pay for food, clothing, transportation, and other necessities for her and her daughter. Other than her divorced husband's child support payments Mrs. Johnson has no other monthly income. On the other hand, the record reflects that Mr. Johnson has a roommate who, while working, contributes what she can to the payment of the expenses incurred by both of them.
When the Johnsons were first divorced Mr. Johnson was a member of the United States Navy. This branch of the armed services provided payment for practically all of his daughter's medical expenses. This form of medical assistance terminated when Mr. Johnson returned to civilian life. As a result, Mrs. Johnson has paid for her daughter's health care for the past several years.
At the time of her parents' divorce Andrea was ten months old. She is now an eleven year old preadolescent girl who attends junior high school.
Neither parent is in good financial condition; however, we must determine which parent is in a better position to make a reduction of his/her life style so that their child's needs will be met. We take particular note of the day-to-day care and maintenance which Mrs. Johnson has given her daughter for the past ten years. Her parental obligation to support her child has been well-fulfilled.
Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2nd Cir.1981). From our analysis of the facts, we determine, as did the trial court, that Mr. Johnson is better able to support his daughter. Unlike his divorced wife, he is not burdened with the day-to-day costs of providing a home, care, and supervision for his daughter.
In determining the amount of child support to be contributed by each parent the trial court is vested with wide discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976); Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981); Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982). This determination will be disturbed only when it is shown that the trial court abused this discretion. In this instance we find no abuse of discretion.
Because of the growing needs of his daughter and the father's better ability to provide additional support for her, the judgment granting the increase of child support from $40 per month to $150 per month is affirmed.
AFFIRMED.