LABORDE, Judge.
Plaintiff, Ray J. Brunet, was involved in a two truck collision with Stanley J. Wyble, a truck driver employed by Blue Bayou Trucking Company, Inc. The accident occurred on July 22, 1980. Trial had been fixed for February 27, 1984, but on motion of defendants, the trial was continued to June 27, 1984. The record discloses no cause for this delay. On June 27, 1984, plaintiff requested, but was refused a continuance by the trial court. The matter was taken up and resolved, awarding plaintiff $689.00 in damages for lost wages. The liability issue has become final; however, plaintiff appeals the damage issue, attributing the low award to the absence of his treating physician’s testimony. We are asked to decide whether the trial court manifestly erred in: (1) failing to grant a continuance; (2) refusing to hold the record open to permit the taking and filing of the deposition of plaintiff’s treating physician; (3) denying plaintiff’s request for a new trial; (4) awarding plaintiff insufficient damages. We affirm in part and remand in part for limited perpetuation of testimony-
Continuances are contemplated in La.C.C.P. arts. 1601 and 1602; the former provides the trial court with discretion to continue “if there is good ground,” and the latter mandates the trial court to continue upon the applicant’s showing that after due diligence a material witness is absent contrary to the applicant’s wishes. La.C.C.P. arts. 1601 and 1602.
“Several conditions must be met, however, before Art. 1602 will be applied. The material witness must have absented himself contrary to the wishes of the party seeking a continuance. That a subpoena has been issued is not alone a sufficient basis to invoke Art. 1602. Loicano v. Maryland Casualty Insurance Company, 301 So.2d 897 (La.App. 4th Cir.1974). Materiality of the missing evidence must be demonstrated. Gallin v. Travelers Insurance Company, 323 So.2d 908 (La.App. 4th Cir.1975), writ denied 329 So.2d 452 (La.1976). The party requesting a continuance must have exercised due diligence, yet been unsuccessful in obtaining the material evidence. Estopinal v. Thomas, 273 So.2d 54 (La.App. 4th Cir.1973).”
Sather v. White, 388 So.2d 402, 403 (La. App. 1st Cir.1980). The trial court, after considering the conditions set forth in Sather, refused to continue the suit. We find that plaintiff’s position clearly falls within the purview of La.C.C.P. art. 1602.
After the continuance was requested, the trial court questioned plaintiff’s diligence in securing the presence of Dr. John E. Lindner, plaintiff’s treating physician. The record shows that the law firm representing plaintiff was on familiar terms with the *243 absent doctor. Plaintiffs attorney advised him to see Dr. Lindner, who eventually treated plaintiff. Plaintiff’s attorney stated that the doctor usually “appears at our trials when we call him up whether he’s been subpoenaed or not.” Plaintiff’s attorney relied on the doctor’s good will, but also subpoenaed him as a precaution. The subpoena was issued in Lafayette on June 21, 1984. As of the date of trial (June 27), no return from New Orleans was recorded. However, the record shows that Dr. Lind-ner was served on June 25 — two days before trial. Plaintiff’s law firm had been in contact with the doctor’s office and discovered that he had planned a vacation at the same time trial had been set and that he would not alter his plans. Plaintiff’s attorney asserted that he tried to depose the doctor, but that the attempts failed.
We find that plaintiff has established the requisite grounds for mandatory continuance under La.C.C.P. art. 1602. Plaintiff was duly diligent in attempting to procure the recalcitrant witness and in no way was the doctor absented with the contrivance of plaintiff. That neither plaintiff nor defendants deposed the doctor prior to trial is of no moment; that decision was one of trial strategy. Dr. Lindner’s materiality was established by virtue of plaintiff’s demand for medical expenses and the doctor’s status of being plaintiff’s treating physician. It was manifest error for the trial court to fail to grant a continuance. Our jurisprudential grandfathers recognized that when the applicant’s diligence cannot be positively determined, the trial court should rather grant the continuance. Its allowance produces delay, but its denial may cause irreparable injury. Lecesne v. Cottin, 9 Mart. 454 (1821). A more recent statement on the considerations affecting the trial court decision is also relevant:
“To deny the continuance to the litigant patient, however, was to hold that the physician ignores a subpoena at the litigant’s peril rather than at the physician’s own peril. The settlement of citizens’ disputes in the court rather than in the streets depends in essential part upon society’s affording effective measures to compel the attendance of witnesses in behalf of the litigants. When a witness subpoenaed to attend a court hearing does not obey that subpoena, due process of law, La. Const. art. 1 sections 2 and 22 and U.S. Const. amend. 14 section 1, requires that the court exert its powers in behalf of the disadvantaged litigant to obtain compliance with its subpoena, unless the court finds some circumstance such as that the witness’s proposed testimony is not material to the dispute or that the subpoenaing litigant has conspired to obtain disobedience of the subpoena — both possibilities treated by La.C.C.P. 1602. In the absence of some such circumstance, the court may not merely decide the litigation as if the litigant had not attempted to produce further, material testimony. Differing circumstances may require differing solutions to the litigant’s problem, but in our circumstances of a local physician’s failing to appear, the motion for a continuance should have been granted, to allow the physician to testify in person or by deposition.” (footnote omitted)
Pinnace v. Francingues, 404 So.2d 1347, 1348 (La.App. 4th Cir.1981).
For the above and foregoing reasons, the portion of the trial court judgment finding liability on behalf of defendants is affirmed. The portion of the judgment which fixed damages is set aside and the case is remanded to allow Dr. John E. Lindner to testify in person or by deposition. The determination of costs of this appeal is suspended until final resolution of this remand.
AFFIRMED IN PART; SET ASIDE IN PART; AND REMANDED.