STOKER, Judge.
The defendant, Luther Glynn LeVasseur, has appealed the judgment of the trial court awarding the plaintiff, Ann Longlois Howell, past due child support in the amount of $16,000, less a credit of $350, plus $400 for attorney’s fees. The issues presented for review are:
(1) whether the trial court erred in denying the defendant’s exceptions of res judicata, no right of action, no cause of action, and prescription;
(2) whether the trial court erred in holding the applicable prescriptive period to be five years; and
(3) whether the trial court erred in denying the defendant’s motion for a new *34 trial based on newly discovered evidence.
We affirm the judgment of the trial court.
FACTS
Ann Longlois, now Howell, and Luther Glynn LeVasseur were married in Natchi-toches Parish in 1965. Two daughters were born of the marriage, Lisa and Julie LeVasseur. The parties were divorced in 1976. The plaintiff was awarded custody of the minor children and awarded $250 per month for child support. On August 21, 1985 the plaintiff filed a rule to collect past due child support and seeking to hold the defendant in contempt of court. The plaintiff alleged that the defendant had made no child support payments for the period beginning July 1,1980 through June 17,1985.
A hearing on the rule was scheduled for September 10, 1985. The defendant failed to attend the scheduled hearing because he was in the wrong courtroom at the time. The defendant requested that the trial court afford him another hearing on the matter. A new trial was granted and the trial date fixed for October 3, 1985. This date was continued until October 23, 1985. In the interim, the defendant retained counsel and filed exceptions of res judicata, no right of action, no cause of action, and prescription.
The trial court took the matter under advisement and rendered judgment on January 14, 1986 awarding the plaintiff the past due child support, plus attorney’s fees. The judgment was signed on February 3, 1986. The defendant subsequently filed a motion for a new trial alleging that the judgment was contrary to the law and evidence and asserting the discovery of new evidence. This motion was denied on April 7, 1986. The defendant thereafter filed this appeal.
RES JUDICATA
The defendant asserts that the plaintiffs rule should fail because the same issues were adjudicated one month prior to the time the rule was filed. Both parties make mention in their pleadings of a proceeding conducted in the district court which reduced the defendant’s child support obligation to $100 per month, commencing July 1, 1985. However, no evidence of this proceeding was entered into the record and no judgment could be found reflecting the reduction in the support award. Nevertheless, the present action is one to collect past due child support in arrears for the five-year period preceding July 1, 1985. It is an entirely different action. Defendant does not allege that any past due support payments were made ex-ecutory in the earlier proceeding and no proof of such was ever adduced. Defendant failed to prove the elements to support a plea of res judicata. The trial court committed no error in denying this exception.
NO RIGHT OF ACTION AND NO CAUSE OF ACTION
The defendant further contends that the plaintiff’s rule states no cause of action in that the petition fails to allege that the defendant is in arrears for payments due since July 1, 1985. Again, as stated above, the defendant failed to show any prior proceeding which made the payments in arrears for the period between 1980 and 1985 executory. The exception of no cause of action looks to the sufficiency of the petition to determine whether the law affords a remedy to the plaintiff for the harm alleged. LSA-C.C.P. art. 931. The petition alleges that court-ordered support payments have not been made. LSA-C.C.P. art. 3945 provides a remedy to the party entitled to the support award by way of contradictory motion to make the past due amounts executory. The plaintiff herein has stated a cause of action.
The defendant additionally asserts that the plaintiff has no right of action. This exception questions whether this plaintiff is entitled to assert a particular remedy afforded by the law. The defendant fails to provide any basis for the assertion that the plaintiff, the custodial parent of the minor children, has no right to enforce a child support award.
*35 The trial court was correct in denying these exceptions.
PRESCRIPTION
The defendant contends that any past due support payments which would have accrued prior to 1983 are subject to a plea of prescription.
LSA-C.C. art. 3497.1 provides that an action for arrearages of alimony or child support prescribe in five years. The defendant argues that he had a vested right in the three-year prescriptive period provided prior to the amendment of the article in 1984. The trial court found that he had no vested right and that the five-year prescriptive period was applicable.
The court in Barfield v. Barfield, 483 So.2d 1085 (La.App. 2d Cir.1986) held, in very similar circumstances, that LSA-C.C. art. 3497.1 was remedial in nature and therefore would be applied retroactively in accordance with Louisiana jurisprudence which defines prescriptive periods as remedial, in the sense that they deal with remedies rather than substantive laws. The court held that the plaintiff could claim arrearages in payments coming due since a date five years prior to the date of the filing of the suit. We agree with the findings and conclusions of the court in Bar-field and accordingly find that the trial court herein correctly applied LSA-C.C. 3497.1.
MOTION FOR NEW TRIAL
The defendant argues that his motion for a new trial should have been granted on peremptory grounds found in LSA-C.C.P. art. 1972. Defendant alleges that the judgment was contrary to the law and evidence and that he discovered, subsequent to the trial, new evidence which is important to his case.
Based upon our conclusions that the plaintiff does indeed have a cause of action and the applicable prescriptive period of five years applies, we do not find that the verdict is contrary to the law and evidence.
The new evidence asserted by the defendant is a letter from the plaintiff to the defendant concerning his lack of relationship with his children, in particular, with his daughter Lisa. Defendant contends that this letter proves that the plaintiff relieved him of his obligation of support and corroborates his defense that plaintiff refused to take anything from him. Firstly, the letter indicates no intent on the plaintiffs part to relieve defendant of his support obligation, secondly, it casts defendant in a bad light with respect to the care and support of his daughters and admonishes him for his lack of such. The contents of the letter are not important to the defendant’s cause, and he failed to show that he could not, with due diligence, have obtained it before or during the trial of the matter. The defendant has shown no grounds to support the granting of a new trial. The trial court committed no error in denying the motion.
CONCLUSION
For the reasons stated herein, the judgment of the trial court is hereby affirmed. Costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.