GOTHARD, Judge.
This appeal arises from a suit to make a foreign judgment executory and collect unpaid child support for three children who have reached majority. The mother appeals a judgment which maintained the father’s exception of no right of action to collect support for each child from date of majority and recognized each child’s right of action to claim such support; on defendant’s exception of prescription, the judgment reads as follows:
IT IS FURHTER (sic) ORDERED ADJUDGED AND DECREED that defendant’s exception of prescription is maintained. Plaintiff, Janet Jenssen Evert-sen can not collect alleged past due support for Herbert John Jenssen aged 25 and Kirt Thomas aged 24. However plaintiff is permitted to seek past due support for Sheri Ann Jenssen within five (5) years from date of filing and within three (3) years if there has been an interruption of prescription.
FURTHER, prescription exception is referred to the merits.
*1278 We interpret the above ruling to mean that prescription is maintained for arrearages of support for the two sons, Herbert and Kirt, but not necessarily for Sheri Ann Jenssen.
The appellant submits five issues for review, which may be summarized as follows: whether prescription was properly maintained as to arrearages of child support; and whether the court correctly interpreted LSA-C.C. art. 3497.1.
Herbert and Helen Jenssen were divorced in 1976 in Illinois. That judgment provides for alimony of $100 per month per child until age eighteen except for Sheri Ann, a handicapped child, for whom $100 per month is to be paid until she has become self-supporting. Both parents moved to Louisiana sometime prior to 1987. On June 26, 1987 the mother, Mrs. Evertsen, filed a petition in the 24th Judicial District Court to enforce the Illinois judgment, alleging an arrearage of $5,700 in support of Sheri Ann plus school expenses, covering the period of June, 1982 through February, 1987.
On January 14, 1988 Mrs. Evertsen filed a supplemental and amending petition, alleging that the monthly child support payments for the years 1976 through May, 1982 had been $100 per month less than the amount ordered ($300), and amounted to $4,500, for a new total of $10,300. We note from the record that the sons, Herbert and Kirt, became eighteen in 1980 and 1981, respectively; Sheri Ann became eighteen in 1985 but has continued to attend special schools for the deaf.
LSA-C.C. art. 3497.1 was enacted in 1984 to change the prescriptive period for actions to collect past due alimony and child support from three years to five years. The case of Barfield v. Barfield, 483 So.2d 1085 (La.App. 2nd Cir.1986), has established that the law is remedial, in accordance with the jurisprudence which has consistently held that changes in prescriptive periods are applied retroactively. Lott v. Haley, 370 So.2d 521 (La.1979); see also Howell v. LeVasseur, 511 So.2d 33 (La.App. 3rd Cir.1987). Prescription is interrupted when an obligee commences action against the obligor, LSA-C.C. art. 3462, and when the obligor acknowledges the right of the obligee, LSA-C.C. art. 3464. Payment of child support constitutes an acknowledgment and interrupts prescription. Morasco v. Metcalf, 381 So.2d 901 (La.App. 3rd Cir.1980).
The Barfield case involved a suit filed on January 24, 1985, and held that the change in the prescriptive period from three years to five years applied retrospectively to payments coming due prior to the effective date of the act, June 24, 1984. In Weatherspoon v. Weatherspoon, 433 So.2d 319 (La.App. 1st Cir.1983), decided prior to the effective date of article 3497.1, the court explained the effect of LSA-C.C. art. 3466, which provides:
If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.
In Weatherspoon, there were delinquencies followed by payment, beginning in 1977. The plaintiff filed a rule for arrearages in April, 1982. The court held that the claim for charges back to 1977 had not prescribed, because no lapse of three years between payments had taken place.
In our case, applying the jurisprudence and codal articles discussed above, we find that if there has been no period of more than five years without an interruption of prescription, Mrs. Evertsen is entitled to pursue her claims of arrearage, but only for support due prior to each child’s having reached majority.[1]
Mrs. Evertsen alleges having made continual attempts to collect delinquent support. In the record before us we find evidence of one action filed in 1984 and *1279 another in 1986. Mr. Jenssen admits, in his memorandum of February 29, 1988, that Mrs. Evertsen filed a URESA petition for support on February 22, 1984; a minute entry dated December 18, 1984, from the 29th Judicial District Court reads: “(Status Hearing — URESA): Matter heard. Account in balance.” An order from the Circuit Court of Cook County, Illinois, indicates that as of June 12,1986, an arrearage of $4,800 had accrued under the divorce order; on August 13, 1988 an attachment order was issued.
At trial the defendant admitted having a receipt for a payment made in 1982, interrupting prescription for arrearages back to 1977. Mrs. Evertsen's URESA petition, filed in 1984, interrupted prescription again, so that the petition in the instant suit was filed timely and her claim for unpaid support for the sons from 1977 until each reached eighteen has not prescribed. We reverse the judgment insofar as it maintains prescription of the claims for Herbert and Kirt Jenssen.
The judgment stated that the plaintiff “is permitted to seek past due support for Sheri Ann Jenssen within five (5) years from the date of filing and within three (3) years if there has been an interruption of prescription.” This ruling is not in accordance with the law as reviewed above. The interruptions of prescription in 1982 and 1984 permit Mrs. Evertsen to pursue claims back to 1977 for Sheri Ann as well as for the sons, up to the age of majority. Sheri Ann is the proper party to enforce support due after her eighteenth birthday.
In summary, for the reasons assigned above, the judgment appealed from is affirmed insofar as it maintains the defendant’s exception of no right of action to collect child support for amounts due for each child from the time the child attained the age of majority; the judgment is reversed insofar as it maintains the defendant’s exception of no right of action to collect child support for amounts due for each child up to the time the child attained the age of majority; the judgment is reversed insofar as it maintains the exception of prescription. The case is remanded for trial of the merits.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. LSA-R.S. 9:309 provides that, where the judgment of support specifies a certain amount per child, it terminates automatically upon the child’s attaining the age of majority; the major child is the proper party to enforce an order for child support that is continued beyond the age of majority.