607 So.2d 3 (1992)
Juanita Newman HAYES, Plaintiff-Appellant,
v.
Kenneth Robert HAYES, Defendant-Appellee.
No. 24,137-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
*4 Piper & Associates by Laleshia Ann Walker, Shreveport, for plaintiff-appellant.
Touchstone & Wilson by David M. Touchstone, Shreveport, for defendant-appellee.
Before SEXTON, BROWN and STEWART, JJ.
SEXTON, Judge.
Appellant, Juanita Newman Hayes, appeals from a judgment which sustained an exception of prescription to her claim for alimony and child support arrearages owed by her ex-husband, Kenneth Robert Hayes. We reverse.
Juanita Newman Hayes and Kenneth Hayes were married April 21, 1967, in Bossier Parish. Only one child, Lisa, was born during the marriage. On January 6, 1982, Mrs. Hayes filed a petition for separation of bed and board in district court in Caddo Parish. Attached to the petition for separation was a rule nisi pertaining to custody of their minor child, child support, and alimony.
On January 26, 1982, a stipulation was entered into granting Mrs. Hayes temporary custody of the child. This stipulation also stated that Mr. Hayes was to pay $400 per month in child support and alimony. The stipulated judgment fixing child support and alimony at $400 per month was not signed by the trial court until August 16, 1985.
On April 21, 1982, Mrs. Hayes filed a rule seeking unpaid alimony in the amount of $271 (and for contempt of court). Mr. Hayes answered this rule by denying the claim, and a court date was set for May 4, 1982. The minutes of the trial court reflect that on May 4, 1982, the parties agreed to argue the rule on May 6, 1982. Thereafter, there is no further action on this rule until February of 1990.
In 1985, Mr. Hayes filed a petition for divorce in the family court of East Baton Rouge Parish. Pursuant to that action, a judgment was rendered on September 26, 1985, which divorced the parties and ordered Mr. Hayes to pay Mrs. Hayes $300 per month for child support and $150 per month for alimony. We gather from the briefs that it is uncontested that since the date of the divorce judgment Mr. Hayes has made all of his support payments.
On February 8, 1990, Mrs. Hayes filed an amended rule for child support and allotment. By this amended rule, Mrs. Hayes attempted to amend and supplement the rule for judgment for unpaid alimony which had been filed on April 21, 1982. In the amended rule, Mrs. Hayes claimed that Mr. Hayes had not paid support in accordance with the court order of January 26, 1982, for the period of January 26, 1982, to September 26, 1985. Therefore, Mrs. Hayes claimed that Mr. Hayes owed arrearages for this period amounting to $14,400.
On February 15, 1990, a hearing was held in the First Judicial District Court on the partition of community property. Also discussed at this hearing was the amended rule for child support. At the end of the hearing, there was no ruling on the amended rule for past due child support as counsel for Mr. Hayes indicated that he was going to file an exception of prescription to the amended rule.
On November 13, 1990, Mr. Hayes filed a memorandum in support of his exception of prescription to Mrs. Hayes' amended rule for the accrued child support and alimony. However, no exception of prescription is located in the record. Further, upon inquiry by this court, we have been advised by letter now contained in the record by the Caddo Clerk of Court that no exception of prescription was ever filed in the trial court.
On December 31, 1990, the trial court rendered an opinion sustaining a plea of prescription filed by Mr. Hayes. This opinion was reduced to final judgment form on March 1, 1991. On September 30, 1991, the trial court rendered an opinion denying a motion for new trial filed by Mrs. Hayes. *5 Mrs. Hayes' appeal purports to be taken from the ruling denying her a new trial.
Initially, it should be noted that denial of a motion for a new trial is an interlocutory judgment which does not cause irreparable injury and is therefore nonappealable. Holloway v. Gulf Motors, Inc., 566 So.2d 1068 (La.App.2d Cir.1990), appeal after remand, 588 So.2d 1322 (La. App.2d Cir.1991).
However, where the motion for appeal refers to a specific judgment denying a motion for a new trial, but the appellant exhibits the clear intention (from his brief and argument) to appeal instead from an adverse judgment on the merits, then the appeal should be considered. Kidd v. Fortenberry, 384 So.2d 509 (La.App.2d Cir. 1980).
In the instant case, all of Mrs. Hayes' assignments of error in her brief pertain to the trial court's decision which sustained the exception of prescription to her claim for alimony and child support arrearages. Therefore, Mrs. Hayes has exhibited a clear intention from her brief and argument to appeal from an adverse judgment on the prescription issue. In accordance with Kidd v. Fortenberry, supra, we consider her appeal.
On appeal, Mrs. Hayes contends the trial court erred in finding that abandonment of the 1982 rule to collect past due support was dispositive of the issue of prescription. Even if the 1982 rule for support had prescribed due to abandonment, appellant contends the real issue is whether her claim to past due child support has prescribed. Mrs. Hayes contends that she could have filed a claim for past-due support at any time, subject to the five-year liberative prescription under LSA-C.C. Art. 3497.1.
Mrs. Hayes contends that the payment of child support by Mr. Hayes after the 1985 divorce judgment served as an acknowledgement sufficient to interrupt the running of prescription. Thus, appellant contends that the prescriptive period began to run anew at the date of Mr. Hayes' last support payment. Evertsen v. Jenssen, 552 So.2d 1277 (La.App. 5th Cir.1989), writ denied, 556 So.2d 1283 (La.1990); Weatherspoon v. Weatherspoon, 433 So.2d 319 (La. App. 1st Cir.1984). Appellant asserts that in the instant case there were delinquencies followed by payments, but at no time was there a period of more than five years without payment. Therefore, Mrs. Hayes contends that her claim for past due support has not prescribed.
In the opinion rendered on December 31, 1990, which sustained Mr. Hayes' plea of prescription, the trial court noted that under LSA-C.C. Art. 3497.1, an action for arrearages of alimony and child support is subject to a liberative prescription of five years. However, the trial court then considered what procedural steps had been taken in pursuance of the rule. This inquiry was misplaced. The issue is what support payments have been made to interrupt prescription. Evertsen v. Jenssen, supra; Weatherspoon v. Weatherspoon, supra.
However, without reaching a decision on whether or not the support payments made by Mr. Hayes were sufficient to interrupt prescription, we reverse the trial court's decision determining that Mrs. Hayes' demands had prescribed. An exception of prescription may not be supplied by the court. LSA-C.C.P. Art. 927. The exception of prescription cannot be injected as an issue in the case solely by brief or oral argument. Bergeron v. Houma Hospital Corporation, 514 So.2d 1192 (La. App. 1st Cir.1987), writ denied, 517 So.2d 812 (La.1988). The trial court errs in deciding that a case has prescribed where no plea of prescription has been filed. Sobberri v. Cookston, 438 So.2d 688 (La. App.2d Cir.1983), writ denied, 442 So.2d 459 (La. 1983).
In the instant case, the record is clear that Mr. Hayes did not file a formal pleading raising the exception of prescription at either the trial or appellate level. Since prescription has not been pled in accordance with LSA-C.C.P. Art. 927, the trial court erred by sustaining an exception of prescription. Accordingly, the judgment of the trial court sustaining that exception of prescription is reversed and set aside. The *6 case is remanded for further proceedings consistent herewith. The costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.