jiBYRNES, Judge.
On May 20, 1993 the trial court pursuant to a jury verdict rendered judgment in favor of the plaintiff, Barbara Ehrman for personal injuries arising out of an accident holding in pertinent part as follows:
1. That the negligence of Holiday Inns, Inc. was a 40% cause of the accident;
2. That the negligence of Allright Parking, Inc. was a 40% cause of the accident;
3. That plaintiff, Barbara Ehrman’s own negligence was a 20% cause of the accident.
4. That plaintiff had sustained general damages of $70,000 and medical expenses of $32,800.
5. That plaintiff was not entitled to any sums for lost wages, impaired earning capacity and future lost wages.
6. That plaintiffs entitlement to expert fees and costs would be determined by the Court at a later date.
|2In response to this judgment Barbara Ehrman filed a “Motion For Judgment Notwithstanding The Verdict, Additur and/or New Trial, Motion to Tax Expert Fees, Costs and Judicial Interest Thereon” based on the following assertions of error in the May 20th judgment:
1. The allocation of liability to Allright Parking New Orleans, Inc.
2. The failure of the jury to make an award for impaired earning capacity.
3.The amount of the general damage award.
Holiday Inns filed no similar motions. Holiday Inns filed only an opposition to plaintiffs motions. In that opposition Holiday Inns also contended among other things that there was error in the May 20th judgment, which error was “expected to be an issue on appeal.”
On July 14, 1994 the trial court granted plaintiffs request for a JNOV decreeing that:
1. Barbara Ehrman be awarded $150,000 in general damages.
2. “All other aspects of the jury verdict remain as decided by the jury.”
3. Holiday Inns, Inc. pay all court costs and certain other costs and expert fees.
In reaction to the JNOV of July 14, Holiday Inns filed a “Motion for Reconsideration, New Trial And/Or Judgment Notwithstanding The Verdict”, requesting that the Court •reconsider and reverse its increase of the plaintiffs | .«¡general damages as contained in the JNOV of July 14. Holiday Inns also contested the jury’s verdict and Holiday Inns’ liability in the original judgment.
Plaintiff contends that Holiday Inn’s motion for new trial and for JNOV was untimely, but fails to explain why in the memorandum filed in support of her motion to dismiss. We assume, based on the general tenor of the pleadings that plaintiff wants 'to establish the delay Holiday Inns had to file its motion for a new trial and a JNOV by using the May 20th judgment instead of the July 14th judgment. C.C.P. art. 1811(A)(1); LSA-C.C.P. art. 1974.
On September 14, 1993 the trial court denied Holiday Inns’ motions. On October 5, 1993 Holiday Inns filed this suspensive appeal.
We will further infer that the basis of plaintiffs argument is that the delay for requesting a new trial or a JNOV had run in connection with the judgment of May 20. Thereafter, Holiday Inns should have been limited to requesting a new trial only on those issues which were modified by the JNOV, e.g., quantum. Therefore, Holiday Inns was precluded from attacking matters *1206 decided in the May 20 judgment which were not modified by the JNOV, e.g., liability.
LSA-C.C.P. art. 1811(D) provides in pertinent part that: “The party whose verdict has been set aside on a motion for a judgment notwithstanding the verdict may move for a new trial pursuant to Articles 1972 and 1973.”
Therefore, for Holiday Inns to be entitled to file a motion for a new trial in response to the JNOV of July 14, it must show that it is “the party whose verdict has been set aside.”
Uln this case the jury verdict was in favor of the plaintiff. In that sense the verdict unquestionably “belonged” to the plaintiff. But in another sense it also belonged to Holiday Inns. It was the plaintiff, not Holiday Inns who attacked the verdict. The JNOV was rendered in favor of plaintiff and against Holiday Inns. The original verdict was much more favorable to Holiday Inns than the JNOV. Holiday Inns is the party aggrieved by the JNOV.
Therefore, the verdict “belongs” at least as much to Holiday Inns as to the plaintiff. Holiday Inns comes within the clear intendment of LSA-C.C.P. art. 1811(D). Holiday-Inns’ motion for a new trial was filed within the period of “seven days, exclusive of legal holidays ... after the clerk has mailed ... the notice [of judgment] provided by 1811(D).” .
We find no provision in the Code of Civil Procedure that would authorize Holiday Inns’ request for a JNOV from a JNOV. However, it is sufficient that Holiday Inns requested a new trial on a timely basis.
Holiday Inns had thirty days in which to file this suspensive appeal. LSA-C.C.P. art 2123. This period runs not from the date of the original judgment signed on May 20, 1993; nor from the date of the JNOV signed on July 14, 1993; but from the date that Holiday Inns’ request for a new trial was denied on September 14, 1993. LSA-C.C.P. art. 2123A(3) and 2123B. Therefore, Holiday Inns’ suspensive appeal filed herein on October 5, 1993 was well within the delay provided by LSA-C.C.P. art. 2123. Appeals are favored. Piecemeal appeals are not.
These policies are reflected in LSA-C.C.P. art. 2123B which provides for one appeal period calculated only from the post-judgment motion last acted upon.
Holiday Inns’ reference to the July 14 judgment in its appeal does not alter the appeal period nor does it limit Holiday Inns’ appeal to only those matters expressly and explicitly decided by that judgment to the exclusion of the other judgments. The judgment of July 14, 1993 supersedes and includes by reference the judgment of May 20, 1993 and necessarily includes all matters decided by that earlier judgment. An appeal from the judgment of July 14 includes the judgment of May 20.
Holiday Inns in its opposition to plaintiffs motion for a JNOV alerted plaintiff to the fact that Holiday Inns intended to raise a broader range of issues on appeal than just those raised by plaintiff in her request for a JNOV. Even had Holiday Inns not done this, plaintiff cannot show that Holiday Inns’ failure to make a separate and distinct refer-¿nce in its Motion For Suspensive Appeal to the judgment of May 14 in any way prejudiced plaintiffs case.
The same can be said of Holiday Inns’ failure to make a separate and distinct reference to the judgment of September 14. We assume that that judgment did nothing more than deny Holiday Inns’ motions for a new trial and judgment JNOV. All of the decisions of the trial court adjusting the differences between the parties may be found in the judgment of July 14 which altered some provisions of the judgment of May 20, incorporated the balance by reference, and added additional relief for the plaintiff. Holiday Inns does not even assign as error the failure of the September 14 judgment to grant a 1 r,JNOV or a new trial. Holiday Inns’ has expressed no intention to even make that an issue on this appeal. The kind of super technical construction advocated by the plaintiff is contrary to the stance taken by the courts favoring appeals in analogous situations. Hayes v. Hayes, 607 So.2d 3 (La.App. 2 Cir.1992); Kidd v. Fortenberry, 384 So.2d 509 (La.App. 2 Cir.1980); Cf. LSA-C.C.P. art. 2161.
In Hayes the court held:
*1207 However, where the motion for appeal refers to a specific judgment denying motion for a new trial, but the appellant exhibits the clear intention (from his brief and argument) to appeal instead from an adverse judgment on the merits, then the appeal should be considered. Kidd v. Fortenberry, 384 So.2d 509 (La.App. 2 Cir.1980).
Plaintiff argues that “a final appeal-able judgment was signed by the trial court on September 14, 1993.” This judgment started the clock running on the delay for appeals on the merits pursuant to LSA-C.C.P. art. 2123B. However, as this judgment only denied Holiday Inns’ request for a new trial, reconsideration, and JNOV, it was an interlocutory judgment causing no irreparable injury and was therefore non-appeal-able. Hayes at p. 5.
Therefore, had Holiday Inns’ based its appeal exclusively on the judgment of September 14 it might have been dismissed by this Court, much as the court did in Fortenberry, 384 So.2d at 510:
“We base our dismissal of this appeal on General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965), wherein the Louisiana Supreme Court held that a judgment denying a motion for new trial is neither a final judgment nor an interlocutory judgment which causes irreparable harm, citing State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.”
|7The fact that the appeal period is based on the judgment of September 14 (LSA-C.C.P. art. 2123A(3) and 2123B) does not mean that it is a final, appealable judgment. General Motors Accept. Corp. v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965).
For the foregoing reasons the motion of the plaintiff Barbara Ehrman to dismiss the appeal of Holiday Inns, Inc. is denied.

MOTION TO DISMISS DENIED.