| iPETERS, Judge.
This is a personal injury action arising out of an automobile accident in which liability was not an issue. The trial court awarded the plaintiff, Johnny Ray Thompson, judgment against the defendant, Nationwide Insurance Company, in the amount of $453.00. The plaintiff has appealed.[1]
|2The automobile accident occurred on August 25, 1992, when a vehicle driven and owned by Kendric D. Morgan struck a vehicle driven and owned by Clifford B. Jinks and then struck a third vehicle. Thompson was a passenger in Morgan’s vehicle. The plaintiff filed this suit against Morgan; his liability insurer, Nationwide Insurance Company; Jinks; and his liability insurer, Louisiana Indemnity Insurance Company. Thompson alleged that as a result of the accident, he suffered severe personal injuries to his head, neck, back, arms, legs, shoulders, chest, face, and other body parts including his kidneys. He sought general and special damages as well as penalties and attorney fees for the alleged arbitrary and capricious actions of the defendants’ insurers. Before trial, all defendants had been dismissed from the suit except Nationwide Insurance Company.
At the time of the accident, the plaintiff was enlisted in the United States Army and was stationed at the Fort Polk military facility in Vernon Parish, Louisiana. Suit was filed on April 16, 1993, and a pretrial conference was held on October 4, 1993. The *193 pretrial order issued as a result of that conference addressed only the trial setting. By that order, trial was set for November 22, 1993. Prior to trial, counsel for the plaintiff requested a subpoena for the appearance at trial of Dr. Perry Jones, a Fort Polk physician. The subpoena was served on Craig Jenkins, an attorney, on November 19, 1993. Apparently, Jenkins was authorized to accept service on behalf of the military doctor.
At trial on November 22, 1993, Dr. Jones failed to appear in response to the subpoena. Upon discovering that the doctor was not present and before the trial began, the plaintiff first moved for the record to be held open to obtain Dr. Jones’ testimony. In support of the motion, counsel for the plaintiff asserted that he had ^attempted for two weeks to take Dr. Jones’ deposition but that the doctor had refused to cooperate. Because of Dr. Jones’ refusal to schedule a deposition, the plaintiff’s counsel subpoenaed him, and according to Thompson’s attorney, the doctor was served at 2:00 p.m. on Friday, November 19, 1993. Counsel stated that he received a fax stating the doctor would not appear. The trial court denied the motion. Plaintiffs counsel then moved for a continuance to complete the medical evidence, particularly the deposition of Dr. Jones. This motion was also rejected. The judgment ultimately rendered by the trial court was only for the amount of an ambulance bill incurred when the plaintiff was transferred from the accident scene to a hospital.
On appeal the plaintiff contends that the trial court erred in denying his motion to leave the record open for additional evidence, in denying his motion for continuance, and in not finding that he had established that he had sustained injuries in the accident. Because we find that the continuance should have been granted, we need not consider the other two assignments of error.
La.Code Civ.P. art. 1602 provides the mandatory grounds for the granting of a continuance:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance. (Emphasis added).
It is clear that medical evidence concerning causation is material to a plaintiffs ease. It is particularly true in this case, where the only evidence presented on the issue of damages was Thompson’s testimony. He testified as to the impact of the Raccident, the specific and extensive treatment after the accident, the continued presence of blood in his urine after the accident, and his excellent physical condition prior to the accident. It does not appear that the trial court disbelieved the plaintiffs testimony. Rather, it appears that the court did not find Thompson’s testimony sufficient to establish the causal connection between the accident and his claimed injuries — something medical testimony could have established.
There is no evidence that counsel for the plaintiff contrived to have Dr. Jones refuse to appear for trial. Additionally, it does not appear to be disputed that Dr. Jones was aware of the subpoena and that Thompson’s counsel did receive a fax informing him of Dr. Jones’ refusal to appear.
Rule VII, Section 2 of the Louisiana Rules of Court — Rules of the Thirtieth Judicial District Court provides in part that unless a litigant has obtained a prior written order from the court, “no subpoena shall be issued to any person for his appearance at the trial of a ease on its merits unless it has been requested at least three (3) days prior to the date upon which the trial is to be held.” (Emphasis added). There has been no suggestion that the request for the subpoena was not in compliance with this rule, and since it was issued, one must assume the plaintiff complied with the local rule. Equally important, the doctor was notified of his obligation to appear prior to trial.
This issue has previously been addressed by our courts. In Pinnace v. Francingues, 404 So.2d 1347 (La.App. 4 Cir.1981), the trial court refused a request for a continuance when the plaintiffs sole medical witness, who was subpoenaed thirteen days prior to trial, did not appear. In Pinnace, the trial court *194 limited the plaintiffs damage award because no physician corroborated her testimony. In _[sfinding the trial court erred, the court of appeal held:
To deny the continuance to the litigant patient, however, was to hold that the physician ignores a subpoena at the litigant’s peril rather than at the physician’s own peril. The settlement of citizens’ disputes in the court rather than in the streets depends in essential part upon society’s affording effective measures to compel the attendance of witnesses in behalf of the litigants. When a witness subpoenaed to attend a court hearing does not obey that subpoena, due process of law, La. Const, art. 1 §§ 2 and 22 and U.S. Const, amend. 14 § 1, requires that the court exert its powers in behalf of the disadvantaged litigant to obtain compliance with its subpoena, unless the court finds some circumstance such as that the witness’s proposed testimony is not material to the dispute or that the subpoenaing litigant has conspired to obtain disobedience of the subpoena— both possibilities treated by La.C.C.P. 1602. In the absence of some such circumstance, the court may not merely decide the litigation as if the litigant had not attempted to produce further, material testimony. Differing circumstances may require differing solutions to the litigant’s problem, but in our circumstances of a local physician’s failing to appear, the motion for a continuance should have been granted, to allow the physician to testify in person or by deposition.
Id. at 1348.
This court has followed the rationale of Pinnace. In Brunet v. Wyble, 502 So.2d 241 (La.App. 3 Cir.1987), a plaintiff involved in an automobile accident appealed a limited award of $689.00 in lost wages contending the low award was due to the absence of his treating physician’s testimony. A subpoena had been issued for the physician and, although as of the date of trial no return had been recorded, the doctor had been served two days before trial. The plaintiffs law firm had been in contact with the doctor’s office and discovered that the doctor had scheduled a vacation at the same time as the trial and would not alter his plans. Additionally, the plaintiffs counsel asserted that he had tried to depose the doctor but the attempts had failed. This court found that the plaintiff was entitled to a continuance under the mandatory provisions of La.Code Civ.P. art. 1602. In doing so, this court stated:
Our jurisprudential grandfathers recognized that when the applicant’s Udiligence cannot be positively determined, the trial court should rather grant the continuance. Its allowance produces delay, but its denial may cause irreparable injury. Lecesne v. Cottin, 9 Mart. (O.S.) 454 (1821).
Brunet, 502 So.2d at 243.
The defendant argues that the plaintiff should have obtained the doctor’s testimony by deposition and that because he did not, he was not diligent in obtaining the testimony. The fact that neither the plaintiff nor the defendant deposed the doctor prior to trial is of no moment as such a decision is one of trial strategy. Id. A litigant should be able to rely on a potential -witness obeying a valid court order to appear and testify.
Without Dr. Jones’ testimony, the plaintiff was limited to his own testimony concerning his physical injuries and the cause thereof. Because we find that the plaintiff was entitled to a mandatory continuance pursuant to La.Code Civ.P. art. 1602, we reverse the judgment of the trial court and remand this matter for a new trial. Costs of this appeal are taxed against Nationwide Insurance Company.
REVERSED AND REMANDED.

. We note that the plaintiff has appealed the judgment denying his motion for new trial on the matter and not the judgment on the merits. Generally, the denial of a motion for new trial is not appealable but is only reviewable under supervisory jurisdiction for abuse of discretion. Chandler v. Grass, 600 So.2d 852 (La.App. 3 Cir.1992). However, pursuant to La.Code Civ.P. art. 2164, based on equitable considerations, we may treat an application styled "appeal" as though it were a supervisory writ. Id. Moreover, where the motion for appeal refers to a judgment denying a motion for new trial but the appellant exhibits the clear intention to appeal the judgment on the merits, we should consider the appeal. Hayes v. Hayes, 607 So.2d 3 (La. App. 2 Cir.1992). Therefore, we will consider this appeal as properly before us.