676 So.2d 713 (1996)
Ellen Jane MATTE, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellee.
No. 95-1308.
Court of Appeal of Louisiana, Third Circuit.
June 12, 1996.
Donald Lynn Mayeux, Eunice, for Ellen Jane Matte.
Steven J. Bienvenu, Opelousas, for Louisiana Farm Bureau Automobile Ins. Co.
Before THIBODEAUX, COOKS, SAUNDERS, AMY and GREMILLION, JJ.
THIBODEAUX, Judge.
Plaintiff, Ellen Jane Matte, appeals a judgment of the trial court which denied her motion to continue holding the trial court record open, and prevented her from securing the deposition testimony of an alleged material witness in order to prove uninsured status in an action against Louisiana Farm Bureau Casualty Company (LFB), her uninsured/underinsured carrier. For the reasons which follow, we reverse and remand.

FACTS
On October 27, 1991, Ellen Jane Matte was driving Mr. & Mrs. William Fitzgerald's Oldsmobile through Antioch, Tennessee when Matte was rear-ended by another motorist named Jacqueline D. Mitchell. On account of the accident, Matte suffered severe personal injuries to her head, neck, back, arms, legs, shoulders, chest, face, incurred extensive medical expenses, and lost past wages. Promptly following this incident, *714 Matte filed a claim with LFB. The carrier responded by paying Matte's medical bills only; however, Matte made repeated demands upon LFB to provide UM coverage benefits as well. LFB refused to provide such benefits unless and until the parties could establish that LFB's obligation to provide UM coverage had in fact been triggered. To this end, LFB officials tried, for nearly two years after Matte's accident, to contact Jacqueline Mitchell and the Fitzgeralds to determine: (1) whether Mitchell maintained liability insurance at the time of the accident; and, (2) whether the Fitzgeralds maintained UM coverage on their Oldsmobile when the accident occurred. LFB's efforts proved fruitless.
On May 27, 1993, Matte filed a petition for damages against LFB demanding that the insurer provide UM coverage benefits. The matter was set for trial on October 31, 1994.
At various intervals since this proceeding's commencement, plaintiff made repeated efforts to contact and depose Jacqueline Mitchell to determine whether she was an uninsured motorist at the time of the accident. Plaintiff exerted similar efforts to contact and depose the Fitzgeralds to determine whether the couple maintained UM coverage on their Oldsmobile when the accident occurred. By the time the parties convened for trial on October 31, 1994, plaintiff had not yet deposed either Mitchell or Fitzgerald. The parties stipulated that the record would be held open until December 1, 1994 so as to allow plaintiff to depose Jacqueline Mitchell and either Fitzgerald spouse regarding three issues: viz., (1) the accident itself and how it occurred; (2) liability coverage on the Mitchell vehicle; and, (3) UM coverage on the Fitzgerald vehicle. William Fitzgerald was finally deposed by telephone on November 21, 1994. He testified as follows:
Q: And do you know a lady named Ellen Jane Matte of Eunice, Louisiana?
A: Yes I do.
Q: Was she visiting your family on May 27th of '91?
A: Yes.
Q: And was she the driver of your vehicle when they were involved in an accident near Hickory Hollow Parkway near Nashville, Tennessee?
A: Yes, sir.
Q: Did you have insurance on that Oldsmobile at the time? Do you know if you had liability insurance?
A: I had liability.
Q: Did you have uninsured motorist coverage?
A: Not that I know of.
On December 1, 1994, plaintiff asked the court to continue holding the record open until plaintiff could secure Jacqueline Mitchell's deposition testimony. The trial court refused.
On December 9, 1994 the trial judge signed his reasons for judgment. Based upon his finding that Matte failed to establish the lack of underlying coverage on Mitchell's vehicle, the court ruled for LFB, dismissed Matte's petition, and cast plaintiff for costs. In this devolutive appeal, plaintiff-appellant assigns error to the trial court's denial of Matte's motion to continue. For the reasons which follow, we conclude that the trial court erred in refusing to hold the record open for plaintiff to secure the live or deposition testimony of Jacqueline Mitchell.

LAW & DISCUSSION
Matte insists that the trial court erred in refusing to grant plaintiff's motion to continue since, under these circumstances, La.Code Civ.P. art. 1602 compelled the trial judge to permit plaintiff to secure Jacqueline Mitchell's testimony. La.Code Civ.P. art. 1602, the article which sets forth peremptory grounds for granting a party's continuance motion, provides:

A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented herself without the contrivance of the party applying for the continuance. (Emphasis ours).
The first clause of Article 1602 requires each movant to establish that he: (1) has exercised due diligence; and, (2) has yet been *715 unable to secure material evidence. We shall discuss each requirement in reverse order.

Mitchell's Testimony Is Material
"Evidence is material if the proposition it tends to prove or disprove is a matter in issue." State v. Rogers, 553 So.2d 453, 455 (La.1989) (citing McCormick on Evidence § 185 (E. Cleary 3d ed. 1984)); See also State v. Corley, 94-0810 (La.App. 4 Cir.); 653 So.2d 722, writ denied, 662 So.2d 464 (La. 11/13/95). During their October 5, 1994 pre-trial conference, both parties acknowledged that an underlying "matter in issue" concerned whether Jacqueline Mitchell maintained liability insurance on her vehicle at the time of the accident; thus, it is incontrovertible that Mitchell's testimony is material because such evidence would tend to prove or disprove the matter in issue.

Whether Plaintiff Exercised Due Diligence Is Currently Indeterminable
"Due diligence" is defined as the "measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending upon the relative facts of the particular case."[1] Black's Law Dictionary 457 (6th ed. 1990); See also State Through Bd. of Ethics for Elected Officials as Supervisory Comm. on Campaign Fin. Disclosure v. Duke, 94-0398 (La.App. 1 Cir. 4/7/95); 658 So.2d 1276. Plaintiff's counsel insists that he exercised due diligence because he contacted Ms. Mitchell and, with defense counsel's acquiescence, arranged to depose Mitchell by telephone on two separate occasions between October 31, 1994 and December 1, 1994. However, each effort failed because Mitchell either left home or refused to answer the phone. Likewise, plaintiff counsel contends that on December 1, 1994, he tendered to the court a certified affidavit from the Financial Responsibilities Section of the Tennessee Department of Safety; therein, a Safety Department official averred that Jacqueline Mitchell failed to file a post-accident report required by Tennessee law, and that such failure to file constitutes "statutory proof" that Mitchell lacked insurance coverage on her vehicle when the accident occurred. Counsel further argues that on December 1, 1994, he filed a motion and order to compel Jacqueline Mitchell to testify; however, the trial court summarily denied plaintiff's motion.
Despite counsel's ardent assertions, our record contains neither telephone invoices, nor the certified affidavit or motion and order to compel referred to in plaintiff's brief. In light of the fact that counsel's assertions of due diligence are bald and unconfirmed, we cannot conclusively determine whether counsel's activity in attempting to secure an out-of-state deponent's testimony aligns with the maneuvering expected of a reasonable and prudent attorney in like circumstances. However, "when an applicant's diligence cannot be positively determined, the court should rather grant the continuance. Its allowance produces delay, but its denial may cause irreparable injury." Brunet v. Wyble, 502 So.2d 241, 243 (La.App. 3 Cir.1987) (citing Lecesne v. Cottin, 9 Mart. 454 (1821)). Thus, notwithstanding the fact that we are unable, from the record before us, to positively determine whether plaintiff's counsel exercised due diligence in attempting to secure Jacqueline Mitchell's deposition testimony, our jurisprudence provides beacon-like guidance that instructs us to overturn the trial court's judgment.

CONCLUSION
The trial court erred in denying Matte's motion to continue holding the record open until plaintiff, with continued due diligence, secures Jacqueline Mitchell's testimony. Accordingly, the trial court's judgment is reversed, and the case is remanded for further *716 disposition consistent herewith. LFB is cast for the costs of this appeal.
REVERSED & REMANDED.
AMY, J., dissents.
NOTES
[1] Though this court would find more wisdom in adopting a due diligence standard specially-fitted for attorneys, Louisiana's Rules of Professional Conduct only provide for "reasonable diligence" without setting forth a particular standard. See Rules of Professional Conduct, Ch. 4 App. Art. 16, § 1.3.